**INSTITUTE FOR RESEARCH ON SOCIAL PROBLEMS, Plaintiff-Appellee,**

**v.**

**BOARD OF ASSESSMENT APPEALS, STATE OF COLORADO; and Joy C. Carpenter, James T. McDonald, and Henry F. Shriver, in their capacity as members of the Board of Assessment Appeals, and Mary Anne Maurer, Property Tax Administrator, State of Colorado, Defendants-Appellants.**

No. 85CA1731.

Colorado Court of Appeals, Division I.

Aug. 20, 1987.

Rehearing Denied Sept. 17, 1987.

Certiorari Denied Jan. 11, 1988.

Pendleton & Sabian, P.C., Robert F. Wilson, Michael J. Sternick, Denver, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendants-appellants.

KELLY, Judge.

The defendants, the Colorado Board of Assessment Appeals, Joy C. Carpenter, James T. McDonald, Henry F. Shriver, and Mary Anne Maurer, appeal the trial court judgment reversing the Board's denial of a personal property tax exemption for the plaintiff, the Institute for Research on Social Problems. The defendants contend that there was substantial evidence in the administrative record to support denial of the Institute's application. We reverse.

In 1983, the Institute applied to the Board for a tax exemption pursuant to § 39–3–101(1)(g)(I), C.R.S. (1982 Repl. Vol. 16B), on grounds that its personal property in Boulder was owned and used for strictly charitable purposes. Defendant Maurer, the Property Tax Administrator, ordered a field investigation at the Institute. Based on the investigator's recommendation, Maurer denied the Institute's application for a tax exemption.

In early 1984, the Institute appealed the Administrator's decision to the Board. After a de novo hearing, the Board, by a two-to-one majority, sustained the denial, holding that the Institute had failed to meet its burden of proving that it was a charitable organization.

The Institute then filed a complaint for judicial review by the district court. In reversing the Board's decision, the court stated that it "believe[d] that the evidence before the Board established that the Institute was for strictly charitable purposes as interpreted by the relevant case law." (emphasis added) This appeal followed.

The defendants contend that the trial court erred in reversing the Board's decision to deny the tax exemption. Asserting that the record as a whole supports the Board's conclusion, the defendants argue that the district court reweighed the evidence and substituted its judgment for the trier of fact in violation of § 24–4–106, C.R.S. (1982 Repl. Vol. 10). We agree.

Both Colorado constitutional and statutory law permit personal property to be exempted from general taxation if it "is owned and used solely and exclusively for strictly charitable purposes and not for private gain or corporate profit." Section 39–3–101(1)(g)(I), C.R.S. (1982 Repl. Vol. 16B); Colo. Const. art. X, § 5. However, underlying the law is a presumption against an exemption, and the burden of proof is on the claimant to "establish clearly his right thereto." *Security Life & Accident Co. v. Heckers*, 177 Colo. 455, 495 P.2d 225 (1972).

The party claiming the exemption carries a two-pronged burden of proof. It must first establish that the activity has a chari-

table purpose, then it must demonstrate that the property sought to be exempted is owned and used strictly for the charitable purpose. *United Presbyterian Ass'n v. Board of County Commissioners,* 167 Colo. 485, 448 P.2d 967 (1968); *American Water Works Ass'n v. Board of Assessment Appeals,* 38 Colo.App. 341, 563 P.2d 359 (1976).

The claimant must present evidence to show that the activity for which an exemption is sought is, in essence, a gift which is to be applied, consistently with existing laws, for the benefit of an indefinite number of persons, " 'or otherwise [as a means of] lessening the burdens of government.' " *United Presbyterian Ass'n v. Board of County Commissioners, supra.* And, it is a matter for the agency then to determine whether the evidence presented by the claimant has shown the activity to be within the ambit of this definition. *American Water Works Ass'n v. Board of Assessment Appeals, supra.*

Under § 24–4–106(7), C.R.S. (1982 Repl. Vol. 10), a reviewing court may not reverse an administrative agency's decision if the record as a whole contains sufficient competent evidence to support the decision. *Ross v. Fire & Police Pension Ass'n,* 713 P.2d 1304 (Colo.1986); *Hudspeth v. Board of County Commissioners,* 667 P.2d 775 (Colo.App.1983).

Dr. Phyllis Katz, the Institute's president and principal employee, testified that the Institute conducts research about social discrimination involving school children. The studies are funded primarily by federal government grants, and all of the research is done within Colorado using local students and parents. Dr. Katz testified that the Institute furnishes free copies of the study to students, families, and school districts who participate in the research if they request them, and she stated that some of her research results are included in professional publications for which she receives royalties. However, Dr. Katz presented no evidence indicating that the research would be done by a public agency if the Institute did not do it.

She conceded that the Institute's Articles of Incorporation do not state a charitable purpose and that the Institute does not provide seminars to the general public. *Cf. American Water Works Ass'n v. Board of Assessment Appeals, supra.* She testified further that the federal grants pay for reproducing the studies. She also admitted that she created the Institute partially for her own benefit and to satisfy her desire to live in Colorado.

The Board's investigator who conducted the field investigation at the Institute testified that she looked for evidence that the Institute's activities were either a gift or in some way related to lessening the burden on government. *See United Presbyterian Ass'n v. Board of County Commissioners, supra.* Based on the responses to her questions at the Institute, the investigator recommended the denial.

Since the Institute bore the burden of proof, the Board did not abuse its discretion in concluding from the conflicting evidence that the Institute had failed to meet its burden. *See Ross v. Fire & Police Pension Ass'n, supra; American Water Works Ass'n v. Board of Assessment Appeals, supra.* Neither does the evidence establish that the Institute's social research and the means it uses fulfill a charitable purpose as a matter of law. *See United Presbyterian Ass'n v. Board of County Commissioners, supra.* Thus, we conclude that competent evidence in the record as a whole supports the Board's decision.

Judgment reversed.

VAN CISE and METZGER, JJ., concur.