**WESTERN SLAVONIC ASSOCIATION,**
Petitioner–Appellant,

v.

**PROPERTY TAX ADMINISTRATOR and the Colorado State Board of Assessment Appeals, Respondents–Appellees.**

No. 91CA0482.

Colorado Court of Appeals,
Div. I.

July 30, 1992.

Kogovsek & Higinbotham, P.C., Larry K. Higinbotham, Jr., Pueblo, for petitioner-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas D. Fears, Asst. Atty. Gen., Denver, for respondents-appellees.

Opinion by Judge PIERCE.

After hearing, the Board of Assessment Appeals (Board) affirmed respondent Property Tax Administrator's denial of the petition by Western Slavonic Association for property tax exemption for the years 1988 through 1990. It concluded that petitioner had presented insufficient evidence to prove the requested exemption was justified pursuant to the statutory scheme for property tax exemptions. On appeal, petitioner claims error only as to the Board's denial of exemption for 1990, in light of § 39–3–101, et seq., C.R.S. (1991 Cum. Supp.). We affirm.

The parties agree that petitioner meets the definition for a fraternal organization or fraternal benefit society. *See* § 12–9–102(6), C.R.S. (1991 Repl.Vol. 5A). Under § 39–3–101, property used by fraternal organizations:

shall be presumed to be owned and used solely and exclusively for strictly charitable purposes and not for private gain or corporate profit, and, consequently, prop-

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

erty used for such purposes is entitled to be exempt from the levy and collection of property tax *pursuant to the provisions of this Article and the Colorado Constitution.* (emphasis added)

Section 39–3–111, C.R.S. (1991 Cum. Supp.) sets forth the exemption requirement for property used by fraternal organizations as defined in § 12–9–102(6). Such property is exempt if it is owned and used exclusively for strictly charitable purposes and not for private gain or corporate profit, and if, as stated in § 39–3–111:

the net income derived from the use of such property is irrevocably dedicated to any of the purposes specified in §§ 39–3–106 to 39–3–110, 39–3–112, or 39–3–113 and to the purpose of maintaining and operating such organizations.

■ The board concluded that "petitioner is a fraternal benefits society operated for the good of its benefit members. It provides a very small amount for charitable causes." The question on appeal is whether the statutory presumption in § 39–3–101, that property used by a fraternal organization is owned and used solely and exclusively for strictly charitable purposes, entitles petitioner to a complete or partial property tax exemption for 1990. Since the presumption at issue does not exempt petitioner from meeting the requirements under other relevant provisions of the statute, we conclude that petitioner is not so entitled.

■ Here, petitioner's stated purposes include promoting Slavic culture, providing and contracting with its members for insurance, and carrying on its business activities. Petitioner's by-laws provide, in part, that: "In the event of dissolution of the Association, its property and assets shall be divided among its members in good standing at the time of dissolution." The record shows that petitioner's net income is primarily dedicated toward its stated purpose of member insurance and for the benefit of its members upon dissolution.

The burden of proof is on petitioner to establish its right to exemption. *Institute for Research on Social Problems v. Board of Assessment Appeals,* 748 P.2d 1346 (Colo.App.1987). And, that burden has not been shifted by the enactment of the amended scheme of taxation. *See Farmers Group, Inc. v. Williams,* 805 P.2d 419 (Colo.1991) (plain language of statute controls its construction). Rather, the statutory presumption of use for charitable purposes relieves petitioner only of its burden to establish such use. Once the finding of charitable purpose is made, the statute conditions exemption upon compliance with the remaining provisions of § 39–3–101, et seq., and nowhere does it relieve a petitioner of the burden of showing its entitlement to exemption pursuant to the statute. Accordingly, here, petitioners have the burden of showing the irrevocable dedication of the net income of such property to the enumerated statutory uses and purpose set out in § 39–3–111.

The record here shows that the Board properly concluded that the net income derived from the use of petitioner's property is not irrevocably dedicated to any of the specified exempt uses, *see* §§ 39–3–106 to 39–3–110, 39–3–112, 39–3–113, and is not, in light of petitioner's dissolution provision, irrevocably dedicated to the purposes of maintaining and operating its organization. *See* § 39–3–111.

Hence, the Board's findings that petitioner failed to meet the requirements of § 39–3–111 and presented insufficient evidence to show its entitlement to an exemption are supported by the evidence in the record and will not be overturned on appeal. *See Glasmann v. State,* 719 P.2d 1096 (Colo. App.1986).

Judgment affirmed.

HUME and ROTHENBERG, JJ., concur.