## No. 26915

**Lloyd Creech v. State of Colorado, Department of Revenue, Motor Vehicle Division**

(544 P.2d 633)

Decided January 19, 1976.

■■■■■■■■■■

■■■■■■■■■■

A. Daniel Rooney, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Arthur G. Staliwe, Special Assistant, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a judgment of the district court which affirmed a department of revenue order revoking appellant Lloyd Creech's driver's license. 1971 Perm. Supp., C.R.S. 1963, 13-5-30,[1] commonly known as the implied consent law. We affirm.

Appellant was observed driving erratically — weaving from lane to lane on a divided highway. According to the officer's testimony before the department of revenue hearing officer, appellant's breath was permeated by a strong odor of alcohol, his eyes were bloodshot and his speech was slurred. Appellant declined to take some roadside psychomotor tests and was placed under arrest and taken to police headquarters. There he refused to take chemical tests to determine the alcohol content of his blood.

A hearing was held by the motor vehicle division. Conflicting evidence was presented as to the manner in which appellant was advised of his rights under the implied consent statute. The hearing officer ruled that there was a proper advisement and ordered appellant's driving privileges revoked for a six month period. Appellant's request for a probationary license was refused on the grounds that the implied consent statute does not provide for such limited driving privileges. On review the district court affirmed the decision of the hearing officer. Appellant filed his appeal in the court of appeals. A request for determination of jurisdiction was filed and this court accepted jurisdiction of the case because it appeared from the briefs that the constitutionality of the statute was involved. It now appears that contention was withdrawn, but no good purpose would be served in returning the case to the court of appeals.

---

[1] Now section 42-4-1202(3)(b), C.R.S. 1973.

## I.

Appellant argues that there was insufficient evidence in the record to support the hearing officer's finding that the advisement was proper.

The following requirement in 1971 Perm. Supp., C.R.S. 1963, 13-5-30(3)(b)[2] is imposed on arresting officers who request that drivers submit to chemical tests:

". . . At the time of making such request, the officer orally, and by written notice, . . . shall inform the person arrested of his rights under the law and the probable consequences of a refusal to submit to such a test. Such notice shall also state the circumstances on which he relies as reasonable grounds for believing the arrested person was under the influence of alcohol. . . ."

Conflicting testimony was presented on the issue of proper advisement. The arresting officer testified that he was certain that he had followed normal procedure of filling out the form completely, including both the printed and handwritten portions, and then reading it aloud to the appellant word for word. The officer further stated that appellant was given a copy of the form to examine contemporaneously as it was read to him and the latter had had his glasses with him at the time. This complies fully with the procedural mandate of *Cantrell v. Weed*, 35 Colo. App. 180, 530 P.2d 986 (1974). Much of this was contradicted by appellant, but it is a maxim of appellate law that reviewing courts will not substitute their judgment for that of the fact finder. The hearing officer's finding of compliance with the statute, based on conflicting evidence, is binding on appeal.

## II.

Appellant further claims that the hearing officer abused his discretion in refusing to consider his application for a probationary driver's license. This contention is wholly devoid of merit.

1971 Perm. Supp., C.R.S. 13-5-30(3)(e)[3] in pertinent part provides:

". . . If reasonable grounds are established and said person is unable to submit evidence that his physical condition was such that, according to competent medical advice, such test would have been inadvisable, or that the administration of the test would not have been in conformity with the rules and regulations of the state board of health or in conformity with the provisions of this section, or if said person shall fail to attend without good cause shown, the department *shall forthwith revoke* said person's license to operate a motor vehicle, . . ." (Emphasis added.)

The language of the statute, ". . . shall forthwith revoke," is clearly mandatory in nature. The function of the hearing examiner in such a situation

---

[2] Now section 42-4-1202(3)(b), C.R.S. 1973.
[3] Now section 42-4-1202(3)(e), C.R.S. 1973.

is purely ministerial. There can be no abuse of discretion in the discharge of a ministerial act. *Michels v. Motor Vehicle Division*, 32 Colo. App. 106, 506 P.2d 1243 (1973).

Accordingly, the judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.