717 P.2d 507 (1985)
Randall Paul SWAIN, Plaintiff-Appellee,
v.
STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellant.
No. 86CA0746.
Colorado Court of Appeals, Div. I.
October 24, 1985.
Rehearing Denied December 5, 1985.
Certiorari Denied April 14, 1986.
Joseph R. Coyte, Fort Collins, for plaintiff-appellee.
Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellant.
PIERCE, Judge.
The Department of Revenue appeals from a judgment of the district court which reversed the Department's revocation of the driving license of plaintiff, Randall Paul Swain. We reverse and remand.
Swain was observed driving a motor vehicle in an erratic manner, and was stopped by police officers. He was given roadside sobriety tests which he performed poorly. His speech was slurred, his eyes were bloodshot, and he smelled of alcohol. He *508 was immediately arrested and taken to the police department where he was given a breath test which recorded 0.156 grams of alcohol per 210 liters of breath. At a hearing before a hearing officer representing the Division, the results of the breath test were submitted, in addition to other evidence, but it was admitted that breath testing machines are accurate to only plus or minus ten percent of the reading. Swain presented no evidence at the hearing.
The hearing officer found that the breath test was administered within one hour of the offense and that the results were in excess of 0.15 grams of alcohol per 210 liters of breath. Accordingly, he revoked Swain's license under the provisions of § 42-2-122.1, C.R.S. (1984 Repl. Vol. 17).
On appeal, the district court reversed the revocation order holding that because of this 10% variation, a breath test result must show 0.165 or more grams of alcohol per 210 liters of breath before a hearing officer can find, by a preponderance of the evidence, that a driver's blood alcohol level was 0.15 or more grams of alcohol per 210 liters of breath.
In pertinent part, § 42-2-122.1(1)(a), C.R.S. (1984 Repl. Vol. 17), states:
"The department shall revoke the license of any person upon its determination that the person:
(1) Drove a vehicle in this state when the amount of alcohol in such person's blood was ... 0.15 or more grams of alcohol per two hundred ten liters of breath ... as shown by chemical analysis of such person's blood or breath...."
Section 42-2-122.1(8)(c), C.R.S. (1984 Repl. Vol. 17), goes on to provide:
"The sole issue at the hearing shall be whether by a preponderance of the evidence the person drove a vehicle in this state when the amount of alcohol in such person's blood was ... 0.15 or more grams of alcohol per two hundred ten liters of breath ... as shown by chemical analysis of such person's blood or breath...."
Both these subsections indicate the General Assembly's intent that the Department rely on the results of the chemical analysis, at least to the point that it can be considered prima facie proof that blood alcohol concentration was in excess of the statutory standard. Here, although the State admitted that such tests could have a variation, there was no showing that this particular machine was inaccurate.
The margin of error could, of course, be considered by the hearing officer to determine the weight to be accorded the test results, but there is nothing in this record to indicate proper consideration was not given in weighing these results. See Creech v. Department of Revenue, 190 Colo. 174, 544 P.2d 633 (1976); State v. Keller, 36 Wash.App. 110, 672 P.2d 412 (1983).
The fact finder here properly applied the preponderance standard which directs that a finder of fact decide whether the existence of a contested fact is more probable than its non-existence. People v. Taylor, 618 P.2d 1127 (Colo.1980); Page v. Clark, 197 Colo. 306, 592 P.2d 792 (1979).
Upon a review of all the evidence presented at the hearing, we cannot say that the hearing officer abused his discretion in finding that the blood alcohol content in Swain's blood was in excess of the pertinent statutory standard.
The judgment is reversed and the cause is remanded with directions that the order of revocation be reinstated.
KELLY and BABCOCK, JJ., concur.