**Donald Scott MAREK,**
**Plaintiff-Appellee,**

v.

**STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellant.**

**No. 84CA0689.**

Colorado Court of Appeals,
Div. I.

Oct. 31, 1985.

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Motor Vehicle Division of the Colorado Department of Revenue (Department), appeals the trial court judgment which reversed the Department's revoca-

tion of the driver's license of plaintiff, Donald Marek. The Department argues that the trial court erred in substituting its own judgment for that of the hearing officer. We reverse.

Following his arrest on a charge of driving under the influence of alcohol, Marek was given an intoxilyzer test of his breath. The test results showed 0.164 grams of alcohol per 210 liters of breath. At Marek's driver's license revocation hearing, the arresting officer testified that another officer had administered the breath test on an intoxilyzer machine located at the police department and was not present to testify about the operation of the machine and the procedures used. A hearsay objection was made by plaintiff and overruled by the hearing officer.

At the hearing, Marek's expert witness, a toxicologist, testified that he had performed an alcohol analysis on the sample of Marek's breath preserved at the time of the intoxilyzer test. He stated that his test results showed a concentration of 0.149 grams of alcohol per 100 grams of blood.

The hearing officer concluded that the preponderance of the evidence showed that Marek had a blood alcohol content in excess of the 0.15 grams per 210 liters of breath within the one-hour period following the first contact with the arresting officer as required by § 42–2–122.1(1)(a)(I), C.R.S. (1984 Repl.Vol. 17). On that basis he ordered the revocation of Marek's driving privileges.

■ In reversing the hearing officer's revocation of Marek's license, the district court ruled that, while the hearing officer properly admitted the hearsay evidence, the weight to be accorded that evidence was minimal. The court concluded that the hearing officer abused his discretion in disregarding the testimony of Marek's expert witness and in giving credence to the written report by the officer who conducted the intoxilyzer test. We agree with the Department's argument that the trial court erroneously reweighed the evidence and substituted its own fact-finding for that of the hearing officer.

■ To set aside a decision by a hearing officer on the ground that it is arbitrary or capricious pursuant to § 24–4–106(7), C.R.S. (1984 Cum.Supp.), a reviewing court must be convinced from the record as a whole that there is a manifest insufficiency of the evidence to support the agency's decision. *Davis v. Colorado Department of Revenue*, 623 P.2d 874 (Colo.1981). Where, as here, the evidence is conflicting, the hearing officer's finding is binding on appeal, and a reviewing court may not substitute its judgment for that of the fact-finder. *Creech v. Department of Revenue*, 190 Colo. 174, 544 P.2d 633 (1976). We conclude that the district court improperly set aside the findings of the hearing officer based on conflicting evidence in the record.

The judgment is reversed and the cause is remanded to the trial court with orders to reinstate the order of the Department revoking Marek's driver's license.

PIERCE and BABCOCK, JJ., concur.