Dale **SCHOCKE,** Plaintiff-Appellee,

v.

**STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION,** Defendant-Appellant.

No. 85CA0394.

Colorado Court of Appeals, Div. I.

Jan. 9, 1986.

As Modified on Denial of Rehearing Feb. 13, 1986.

Certiorari Denied May 12, 1986.

Douglas R. Vannoy, Fort Morgan, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellant.

PIERCE, Judge.

The Motor Vehicle Division of the Department of Revenue appeals a district court order reversing the revocation of plaintiff's driver's license. We affirm.

Plaintiff was arrested and charged with driving under the influence after a Fort Morgan police officer stopped him for speeding. Plaintiff was given an intoxilyzer test that indicated an alcohol concentration of 0.163 grams of alcohol per 210 liters of breath.

At the subsequent license revocation hearing, plaintiff introduced expert testimony that the second sample of plaintiff's breath was tested by a Department of Health certified operator, on a state certified gas chromatograph, and prior to running the test, the operator verified the accuracy of the machine by checking it against a known simulator solution. The expert testified that the test result of the second sample was 0.146.

Notwithstanding the expert's testimony, the hearing officer revoked plaintiff's driver's license. On the issue of the discrepancy between the two test results, the hearing officer found "according to department policy, if the second sample is greater than twenty percent different from the first sample, that second sample would serve to attack the credibility of that first test. Here, the second sample does not serve to attack the credibility of the first test due to the fact that it is ... a ten percent, 10.4 percent variance from the first test...."

Plaintiff sought review of this ruling in the district court. The court ruled that the hearing officer's refusal to consider the expert testimony because the second test did not satisfy a department policy that the

test show a 20% variance, required reversal of the revocation.

 Intoxilyzer test results are presumed accurate if the party tendering the results in a motor vehicle hearing establishes through documentary or other evidence: (1) that the test results were obtained by an operator certified by the Department of Health to conduct chemical tests; and (2) that the operator performed tests on solutions of known concentrations to confirm the machine was operating correctly either immediately before or after the test in question was performed. *Aultman v. Motor Vehicle Division*, 706 P.2d 5 (Colo.App. 1985).

At a driver's license revocation hearing, the state must establish by a preponderance of the evidence that the licensee drove a vehicle with an alcohol concentration of 0.15 or more grams of alcohol per 210 liters of breath. Section 42–2–122.-1(8)(c), C.R.S. (1984 Repl.Vol. 17); *Aultman v. Motor Vehicle Division, supra.*

When applying the preponderance of the evidence standard, a fact finder must decide whether the existence of a contested fact is more probable than its nonexistence. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979). If a party has the burden of proof by a preponderance of the evidence, and the evidence presented weighs evenly on both sides, the finder of fact must resolve the question against the party having the burden of proof. *People v. Taylor*, 618 P.2d 1127 (Colo.1980); *Atlantic & Pacific Insurance Co. v. Barnes*, 666 P.2d 163 (Colo.App.1983); *see Fort Logan Mental Health Center v. Industrial Commission*, 665 P.2d 139 (Colo.App.1983), *rev'd on other grounds*, 682 P.2d 1185 (1984).

Here, both tests are presumed accurate because in both cases the test was conducted by a certified operator, on a certified machine, and the machine had been verified as operating properly just prior to the test. No other evidence in the record established either test as more reliable than the other. Because the evidence weighed evenly, the hearing officer erred in finding against the driver, and thus, the district court did not err in reversing the revocation. *See Yeager v. Lathrop*, 28 Colo.App. 44, 470 P.2d 609 (1970).

Judgment affirmed.

BERMAN and TURSI, JJ., concur.