**Robert Gregory GLASMANN, Jr.,
Plaintiff-Appellee,**

v.

**STATE of Colorado, DEPARTMENT
OF REVENUE, MOTOR VEHICLE
DIVISION, Defendant-Appellant.**

**No. 85CA0136.**

Colorado Court of Appeals,
Div. II.

April 17, 1986.

Marvin Dansky, P.C., C. James Mathis, Jack LeProwse, Westminster, for plaintiff-appellee.

James F. Smith, Dist. Atty., Michael J. Milne, Deputy Dist. Atty., Brighton, Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellant.

BABCOCK, Judge.

The Department of Revenue (department) appeals the trial court judgment reversing its revocation of the driver's license of plaintiff, Robert Gregory Glasmann, Jr., for operating a motor vehicle when the alcohol level of his breath was in excess of .15 grams per 210 liters of breath. The department argues that there is substantial evidence, when the record is considered as a whole, to support the hearing officer's determination that the arresting officer "[c]losely and continuously observe[d] the subject for twenty (20) minutes prior to testing to detect any belching, regurgitation or intake of any foreign material by nose or mouth" as provided in Colorado Department of Health Rules and Regulations Relating to Chemical Tests for Blood Alcohol, 5 Code Colo.Reg. 1005–2 (Append-

ed operational checklist and procedure) (the regulation). *See* 5 Code Colo.Reg. 1005–2. We agree, and therefore, reverse.

At Glasmann's license revocation hearing the arresting officer testified to the following events. After the arrest for driving under the influence, the officer observed Glasmann for a twenty-three minute period which began with a one minute drive to the station. Glasmann was seated handcuffed in the backseat of the police car. The officer then observed Glassman in his presence for twenty-two minutes at the police station. During this time the officer completed the top portion of a custody report, and completed a summons and a notice of revocation. These forms were filled out in front of Glasmann, and the officer testified that he occasionally took his eyes off Glasmann for a "second" to look at the forms. The officer also testified that Glasmann twice attempted to remove a cigarette from a package, but Glasmann was told he could not smoke.

The checklist used by the arresting officer provided only that the subject be observed for twenty minutes prior to testing to prevent oral intake of any material. It did not include the language of the regulation that the subject be observed "closely and continuously."

Glasmann's counsel introduced the applicable health regulations through the Department of Health chemist responsible for supervising the intoxilyzer breath testing program in Colorado. The chemist testified that the purpose of the close and continuous observation rule was to prevent the test subject from placing anything in his mouth or from burping, regurgitating, or engaging in any other type of activity which could have a deleterious effect upon the accuracy of the breath test. He also stated that the reason for the rule was to insure that the testing officer remain in the presence of the test subject at all times. In the chemist's opinion, the arresting officer here complied with the regulation. Glasmann testified that, despite being continuously in the arresting officer's pres-

ence, he smoked a cigarette during the twenty minute period.

At the conclusion of the hearing, the hearing officer resolved the conflicts in the evidence in favor of the department and ruled that the defective language of the checklist was irrelevant because, as a matter of fact, the arresting officer closely and continuously observed Glasmann for the requisite twenty minute period in compliance with the regulation.

■ Where, as here, there is evidence that a breath testing device is operated by one certified to use it and that the test is administered in accordance with the Department of Health regulations, the breath test results are admissible. *People v. Bowers*, 716 P.2d 471 (Colo.1986). Thus, we do not agree with Glasmann's contention that the defective operational checklist resulted in an insufficient demonstration by the department of the accuracy of the test.

■ To set aside a decision by a hearing officer on the ground that it is arbitrary or capricious pursuant to § 24–4–106(7), C.R.S. (1985 Cum.Supp.), a reviewing court must be convinced from the record as a whole that there is no substantial evidence to support the hearing officer's decision. *DeScala v. Motor Vehicle Division*, 667 P.2d 1360 (Colo.1983); *Marek v. State*, 709 P.2d 978 (Colo.App.1985). Where, as here, the evidence is conflicting, the hearing officer's finding is binding on appeal and a reviewing court may not substitute its judgment for that of the fact finder. *See Marek v. State, supra.*

■ We do not read the regulation as requiring in all cases that the officer stare fixedly at a test subject for twenty minutes; rather, compliance with the regulation is a question of fact to be decided under the circumstances of each case, and in this case, the arresting officer's testimony made a prima facie showing of compliance with the regulation. *See Williford v. State*, 683 S.W.2d 228 (Ark.1985); *see also People v. Bowers, supra.*

The judgment is reversed and the cause is remanded to the trial court with direction

to reinstate the order of the department revoking Glasmann's driver's license.

SMITH and STERNBERG, JJ., concur.