Martha DAVIS, Plaintiff-Appellee,

v.

Alan CHARNES, Director of Motor Vehicle Division, Department of Revenue, State of Colorado, Defendant-Appellant.

No. 86CA0645.

Colorado Court of Appeals, Div. I.

June 11, 1987.

Robert M. Moyers, P.C., Robert S. Fisher, Colorado Springs, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for defendant-appellant.

BABCOCK, Judge.

The Department of Revenue appeals the district court judgment reinstating the driver's license of plaintiff, Martha Davis. We reverse.

Plaintiff was stopped for erratic driving. The arresting officer noticed signs that plaintiff was intoxicated and asked her to perform roadside sobriety tests. Plaintiff declined and requested an intoxilyzer breath test instead. The test results showed 0.157 grams of alcohol per 210 liters of breath, and a test sample was preserved.

At the license revocation hearing, plaintiff's expert testified that she had analyzed the preserved sample by the gas chromatography method. Plaintiff's expert stated that she ran two tests with an "average result of 0.097%."

Relying on the results of the intoxilyzer test, the hearing officer revoked plaintiff's license. Holding that the hearing officer erred in giving more weight to the intoxilyzer test, the district court reversed the revocation.

The Department contends that the district court erred in reversing the hearing officer's findings. We agree.

In a license revocation proceeding, the state must establish by a preponderance of the evidence that the licensee drove a vehicle when the licensee's breath had an alcohol concentration of 0.15 or more grams of alcohol per 210 liters of breath.

Section 42-2-122.1(8)(c), C.R.S. (1984 Repl. Vol. 17); *Schocke v. State,* 719 P.2d 361 (Colo.App.1986). If the evidence weighs equally on both sides, the hearing officer must resolve the question against the party having the burden of proof. *Schocke v. State, supra.* Intoxilyzer test results are presumed accurate if the test was conducted by a certified operator in accordance with Health Department regulations on a machine shown to be operating correctly at the time of the test. *Schocke v. State, supra; Aultman v. Motor Vehicle Division,* 706 P.2d 5 (Colo.App.1985).

Here, while the necessary foundation was laid for the intoxilyzer test results to be presumed accurate, no evidence was introduced to support a comparable presumption of accuracy for plaintiff's expert's test results. Although plaintiff's expert testified that her laboratory was certified by the Health Department, she did not show that she followed Health Department regulations in performing the test, nor did she establish that her gas chromatography machine was operating correctly. Because an insufficient evidentiary foundation was laid no presumption of accuracy attaches to plaintiff's expert's results. Thus, the test results do not weigh evenly, and the hearing officer was not required to resolve the conflicting evidence in plaintiff's favor. *Cf. Schocke v. State, supra.*

The hearing officer's decision based on the resolution of conflicting evidence is binding on appeal, and the district court erred in substituting its judgment for that of the hearing officer. *Creech v. Department of Revenue,* 190 Colo. 174, 544 P.2d 633 (1976); *Marek v. State,* 709 P.2d 978 (Colo.App.1985).

The judgment is reversed and the cause is remanded to the district court with directions to reinstate the revocation.

PIERCE and VAN CISE, JJ., concur.