Alan CHARNES, As Director of the Department of Revenue, and the Motor Vehicle Division, Department of Revenue, State of Colorado, Petitioners,

v.

Pedro A. LOBATO, Respondent.

No. 86SC102.

Supreme Court of Colorado,
En Banc.

Sept. 14, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for petitioners.

Constantine Anderson & Tobey, P.C., Thomas J. Constantine, Englewood, for respondent.

VOLLACK, Justice.

The Motor Vehicle Division of the Colorado Department of Revenue [hereinafter DMV] appeals from the court of appeals' unpublished decision in *Lobato v. Charnes*, No. 84CA1174 (Colo.App. Jan. 23, 1986) [hereinafter *Lobato*], which reversed the district court's affirmance of DMV's revocation of Lobato's driver's license. We reverse the court of appeals and remand for reinstatement of the revocation order.

## I.

In December 1983, respondent Pedro A. Lobato [hereinafter Lobato or licensee] was found in his vehicle by two police officers who were responding to a radio call. Lobato's vehicle was stopped in the roadway, with Lobato unconscious in the driver's seat, the car in gear, and the engine running. The two officers awakened Lobato and conducted roadside sobriety tests. Lobato failed the sobriety tests, so they requested the assistance of a DUI enforcement officer. When the DUI officer arrived, he was advised by the first two officers that they had found Lobato unconscious behind the steering wheel, with the car's engine running. He was also advised that Lobato had failed the roadside sobriety tests.

The DUI officer determined that Lobato had the odor of an alcoholic beverage on his breath and watery, bloodshot eyes. He arrested Lobato and transported him to the Denver Police Department "DUI room." While in the DUI room, Lobato consented to a breath test to determine his blood alcohol concentration, and the test result was a blood alcohol content [hereinafter BAC][1] of 0.170. Another detective in the DUI room actually conducted the breath test, but the arresting DUI officer watched the administration of the test and observed the test result that appeared on the machine. A second sample of his breath was preserved for Lobato, so that he could arrange for independent analysis. Based on the results of the test, the DUI officer completed a notice of revocation or denial of Lobato's driver's license.

Pursuant to his statutory rights, Lobato requested a DMV hearing to contest the

---

1. The term "blood alcohol content" applies to the results of both breath and blood chemical tests.

revocation of his license.[2] The DUI enforcement officer testified at the hearing; the first two officers who had originally found Lobato were not present. The DUI officer testified that when he arrived at the scene, he had been advised by the first two officers that they had found Lobato unconscious behind the wheel. Lobato objected to this testimony on hearsay grounds, but did not assert that he was not driving. The hearsay objection was overruled. No other evidence was presented at the hearing to establish that Lobato had been driving.

At the revocation hearing, Lobato called the toxicology expert whom he had retained to perform independent analysis of the second breath sample. This toxicologist testified that he had conducted his analysis in accordance with board of health regulations, with a test result of 0.129 BAC. At the conclusion of the hearing, the hearing officer entered a finding that Lobato had been driving a motor vehicle and had a BAC of 0.15 or more based on a test taken within one hour of the offense, and ordered his driver's license revoked. § 42–2–122.1, 17 C.R.S. (1984).

The district court affirmed the revocation order, and the court of appeals reversed. In alternative holdings, the court of appeals held (1) that Lobato was denied due process of law, based on its holding in *Kirke v. Motor Vehicle Division*, 724 P.2d 77 (Colo.App.1986), and (2) that the hearing officer improperly applied the burden of proof on the issue of the conflicting BAC test results.

We granted certiorari review on three issues: (1) whether the due process clauses of the United States and Colorado Constitutions require that every element of a driver's license revocation be supported by non-hearsay evidence at the administrative revocation hearing; (2) whether revocation of a driver's license under the "per se" statute, section 42–2–122.1, 17 C.R.S. (1984), requires a properly supported finding that the licensee was driving, or instead a finding that the officer who requested that the licensee submit to a chemical test had reasonable grounds to believe that the driver

was operating a motor vehicle while under the influence of, or impaired by, alcohol; and (3) whether the court of appeals erred in its conclusion that the hearing officer had erroneously applied the burden of proof, in light of the conflicting test results.

II.

■ The first issue is whether the due process clauses of the United States and Colorado Constitutions require that every element of a driver's license revocation be supported by non-hearsay evidence at the administrative revocation hearing. The court of appeals reversed the revocation order based on *Kirke v. Motor Vehicle Division*, 724 P.2d 77 (Colo.App.1986) [hereinafter *Kirke*], which held that the use of only hearsay evidence to establish one element of revocation resulted in a denial of the licensee's due process rights. We have reversed the court of appeals' decision in *Kirke*, 743 P.2d 16 (Colo.1987), where we held that a hearing officer's finding of a revocation element in the absence of non-hearsay evidence as to that element is not a denial of due process, as long as (1) the hearsay evidence is sufficiently reliable and trustworthy, and (2) the evidence possesses probative value commonly accepted by reasonable and prudent persons in the conduct of their affairs.

This case presents facts which are substantially similar to the facts in *Kirke*. Because the new statute makes only a general reference to receipt of "relevant evidence," and the APA otherwise controls, our analysis of the hearsay issue is governed by the APA, regardless of whether the particular offense was committed before or after the effective date of the new statute.

Two officers arrived at the scene and found Lobato unconscious behind the wheel of the car. The DUI enforcement officer testified that when he arrived at the scene, the first two officers advised him of this fact. Lobato had the statutory right to

subpoena the officers involved,[3] but did not exercise that right. The officers were acting in their official capacity, and the statutorily required report containing the first officers' statements and observations was admitted into evidence at the hearing. For the reasons set forth in our opinion in *Kirke*, at 21, we conclude that Lobato was not denied due process, and reverse the court of appeals' holding on that issue.

### III.

The second issue is whether revocation of a driver's license under the "per se" statute, section 42-2-122.1, 17 C.R.S. (1984), requires a properly supported finding that the licensee was driving, or instead a finding that the officer who requested that the licensee submit to a chemical test had reasonable grounds to believe that the driver was operating a motor vehicle while under the influence of, or impaired by, alcohol. Section 42-2-122.1 expressly governs revocation hearings arising from alcohol-related driving offenses, and was in effect at the time of this offense. The statute states in pertinent part:

> The *sole issue at the hearing shall be* whether by a preponderance of the evidence the *person drove a vehicle* in this state when the amount of *alcohol in such person's blood was 0.15 or more* grams of alcohol....

§ 42-2-122.1(8)(c), 17 C.R.S. (1984) (emphasis added).

The implied consent statute which was the predecessor to the provision cited above, *see Kirke*, at 18, provided that the first issue at a revocation hearing was *"whether the officer had reasonable grounds to believe* that the said person was driving a motor vehicle while under the influence of, or impaired by, alcohol." § 42-4-1202(3)(e), 17 C.R.S. (1982 Supp.) (emphasis added). This "reasonable

grounds" language was omitted from the new "per se" statute.

Statutory terms are to be given effect according to their plain and obvious meaning. *Englebrecht v. Hartford Accident & Indemnity Co.*, 680 P.2d 231 (Colo. 1984). The general rule is that when a statute is amended, it is presumed that the legislature intended to change the law. *Bar 70 Enterprises, Inc. v. Tosco Corp.*, 703 P.2d 1297 (Colo.1985). Because the legislature omitted the "reasonable grounds" language and adopted section 42-2-122.1, and because the language of the "per se" statute is clear and unambiguous, we conclude that the "sole issue" at a revocation hearing under the "per se" statute is whether the person drove a vehicle, and whether the driver's BAC was 0.15 or more.

At Lobato's revocation hearing, the hearing officer found that "the Respondent being in the roadway in a car in gear, with the motor running, with his foot on the brake does constitute operating a motor vehicle."[4] The hearing officer found that the chemical test was given within one hour after the offense. Finally, he entered a lengthy finding as to the conflicting test results and concluded that Lobato had been operating a motor vehicle with a BAC of 0.15 or more. Because the hearing officer entered the requisite findings, applying the language of the "per se" statute which was effective at the time, we conclude that the hearing officer applied the appropriate test. *See Miller v. Motor Vehicle Div.*, 706 P.2d 10 (Colo.App.1985) (at a revocation hearing "the sole issue is whether a preponderance of the evidence shows that the operator drove a vehicle when his blood alcohol level exceeded [0.15 grams of alcohol per 100 milliliters of blood]." *Id.* at 11).

### IV.

#### A.

The court of appeals held in the alternative that the hearing officer erroneously

---

**3.** "The presiding hearing officer shall have authority ... to issue subpoenas...." § 42-2-122.1(8), 17 C.R.S. (1984).

**4.** In *Brewer v. Motor Vehicle Division,* we held that a licensee found "asleep behind the wheel

of a car parked in the middle of a street with the engine and lights on" was in "actual physical control" of the vehicle, which is the adopted definition of driving within the meaning of section 42-2-122.1. 720 P.2d 564, 567 (Colo.1986).

applied the burden of proof to Lobato's BAC test results, based on its decision in *Schocke v. Motor Vehicle Division*, 719 P.2d 361 (Colo.App.1986). The hearing officer entered a finding that the licensee was driving with a BAC of 0.15 or more, after hearing conflicting evidence as to the results of two breath tests.

The breath test conducted in the DUI room on the night of Lobato's arrest indicated a BAC of 0.170. Lobato hired a toxicologist to test the breath sample that was preserved, and the result of the second test was a BAC of 0.129. At the hearing, the toxicologist retained by Lobato testified that "a lot of things" could happen to a preserved breath sample, from the time a sample is sealed by the police department until the independent toxicologist receives it, that might affect the test result. The expert also testified that "there was no indication" that anything had happened to taint or alter the sample. The second sample was analyzed twenty-seven days after Lobato had been arrested and given a breath test.

After he heard testimony and considered the conflicting test results, the hearing officer indicated that he felt there was "no testimony to consider either ... the police department's test to be more valid or [the expert's] test to be more valid ... as far as the testing procedure, etc." He concluded: "Considering all this, that the preponderance of evidence and testimony should fall with the test that was given so very near the time that the commission of the offense occurred," because it was his "opinion that this aspect does give more credence to the test that was given by the police department."

On appeal, the district court affirmed the revocation order. When the court of appeals addressed the issue of the conflicting test results, it held that *"[b]ecause the evidence weighed evenly, the hearing officer erred"* in finding that a BAC of 0.15 or more had been proven. *Lobato v. Charnes*, No. 84CA1174, slip op. at 2 (Colo. App. Jan. 23, 1987).

B.

Section 42–2–122.1 governs "per se" revocation hearings, where the issue is whether the licensee drove a motor vehicle with a BAC of 0.15 or more. Subsection (9) governs review of the hearings as follows:

(b) The review [by the district court] shall be on the record without taking additional testimony. If the court finds that the department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination which is unsupported by the evidence in the record, the court may reverse the department's determination.

§ 42–2–122.1(9)(b), 17 C.R.S. (1984).

The issue here is whether the hearing officer's decision to rely on one of two conflicting test results, when both tests had been performed in compliance with board of health regulations and were therefore presumed reliable, constituted grounds for reversal under the statute above. We hold that this is not grounds for reversal.

The court of appeals has ruled on this issue with inconsistent results. In *Marek v. Motor Vehicle Division*, the court of appeals held that revocation was proper, despite conflicting BAC test results. 709 P.2d 978 (Colo.App.1985). Marek was arrested for suspicion of driving under the influence of alcohol, and the breath test administered upon his arrest resulted in a BAC of 0.164. The independent retest of a preserved breath sample, performed by a toxicologist, resulted in a BAC of 0.149. At the revocation hearing, the officer who testified as to the 0.164 test result was not the same officer who had administered the test; Marek's hearsay objection to the testimony was overruled. The hearing officer held that the preponderance of the evidence established a BAC of 0.15 or higher, and revoked Marek's driver's license. The district court reversed, holding that "while the hearing officer properly admitted the hearsay evidence, the weight to be accorded that evidence was minimal," and concluded that entry of the revocation order was an abuse of discretion. *Id.* at 979. The court

of appeals reversed the district court because it had erroneously substituted its judgment for that of the trier of fact. The court of appeals held that, because there was not "*a manifest insufficiency of the evidence* to support the agency's decision," the hearing officer's finding was binding on appeal. *Id.* (emphasis added).

The court of appeals came to a different conclusion in *Schocke v. Motor Vehicle Division*, 719 P.2d 361 (Colo.App.1986). A licensee charged with driving under the influence was given a breath test at the time of his arrest and the result was a BAC of 0.163. At the revocation hearing, Schocke's independent toxicologist who had analyzed the second sample testified to his test result of a 0.146 BAC. Addressing the conflicting test results, the hearing officer held that the second test did not attack the credibility of the first test as a matter of departmental policy, because it reflected a variance of less than 20%.[5] Rather than evaluate the conflicting evidence, in *Schocke* the hearing officer refused to consider the results of the second test because the variance was under 20%.

On appeal, the district court reversed the revocation order because the hearing officer had refused to consider the second test result. 719 P.2d at 362–63. The court of appeals agreed that the revocation order could not be upheld, but applied different reasoning. After reviewing the record, the court of appeals found that "[n]o other evidence in the record established either test as more reliable than the other," and concluded that "*[b]ecause the evidence weighed evenly,* the hearing officer erred in finding against the driver." *Id.* at 363 (emphasis added).

### C.

Administrative action "taken pursuant to an agency's statutory authority 'is entitled to a presumption of validity.'" *People v. Lessar*, 629 P.2d 577, 581 (Colo.1981) (quoting *Moore v. District Court*, 184 Colo. 63,

67, 518 P.2d 948, 951 (1974)). The court of appeals has held that where "the inferences to be drawn from the evidence are conflicting, ... the reviewing court may not displace an administrative agency's choice between two fairly conflicting views, even though the court could justifiably have made a different choice had the matter been before it *de novo.*" *Walton v. Banking Bd.*, 36 Colo.App. 311, 313–14, 541 P.2d 1254, 1256 (1975).

Where conflicting testimony is presented in an administrative hearing, the credibility of witnesses and the weight to be given their testimony are decisions within the province of the agency. *Mellow Yellow Taxi Co. v. Public Util. Comm'n*, 644 P.2d 18 (Colo.1982). *See also Sanchez v. State*, 730 P.2d 328 (Colo.1986) (agency officer who heard conflicting testimony "is in the best position to make the credibility assessments." *Id.* at 333); *Ram Broadcasting v. PUC*, 702 P.2d 746 (Colo.1985) (where hearing examiner "assigned the expert's opinion no weight," this court held that "a decision as to the weight to be placed on particular testimony is uniquely within the province of the PUC, and this court will not substitute its judgment for that of the PUC." *Id.* at 750–51).

An administrative hearing officer functions as the trier of fact, makes determinations of witness' credibility, and weighs the evidence presented at the hearing. By statute, a reviewing court must affirm a DMV revocation order unless DMV has (1) exceeded constitutional or statutory authority; (2) erroneously interpreted the law; (3) acted in an arbitrary and capricious manner; or (4) made a determination unsupported by evidence in the record. § 42–2–122.1(9)(b), 17 C.R.S. (1984). Lobato argued that the hearing officer's finding as to his BAC was an abuse of discretion, in light of the conflicting testimony. The district court disagreed, holding that the hearing officer's

---

5. The hearing officer in *Schocke* stated: "[A]ccording to department policy, if the second sample is greater than twenty percent different from the first sample, that second sample would serve to attack the credibility of that first test.

Here, the second sample does not serve to attack the credibility of the first test due to the fact that it is ... a ten percent, 10.4 percent variance from the first test...." *Schocke*, 719 P.2d at 362.

"findings are supported by substantial evidence when the record is considered as a whole." Thus, the question for our determination is whether the district court was correct in finding that the record as a whole supported the hearing officer's revocation order, and whether the court of appeals correctly reversed the district court.

In *Creech v. Department of Revenue,* conflicting evidence was presented at a revocation hearing on the issue of whether the arresting officer had properly advised the suspected drunk driver, as required by statute. 190 Colo. 174, 176, 544 P.2d 633, 634 (1976). In *Creech,* we acknowledged that "[m]uch of [the arresting officer's testimony] was contradicted by appellant," but went on to hold the hearing officer's order binding on appeal because "it is a maxim of appellate law that reviewing courts will not substitute their judgment for that of the fact finder." 190 Colo. at 176, 544 P.2d at 634.

In *Glasmann v. Motor Vehicle Division,* 719 P.2d 1096 (Colo.App.1986), a hearing officer was presented with conflicting testimony when the licensee testified that he had smoked a cigarette during the twenty minute period between his arrest and administration of the breath test, and the arresting officer testified to the contrary.[6] The hearing officer resolved the conflicting testimony in favor of the department, but was reversed by the district court. The court of appeals reversed the district court, saying: "To set aside a decision by a hearing officer on the ground that it is arbitrary or capricious, a reviewing court must be convinced from the record as a whole that there is no substantial evidence to support the hearing officer's decision." 719 P.2d at 1097 (citation omitted). The court concluded that when "the *evidence is conflicting, the hearing officer's finding is binding on appeal* and a reviewing court may not substitute its judgment for that of the fact finder." *Id.* (emphasis added).

Applying these principles to the case at bar, we conclude that the court of appeals erred in holding that the conflicting evidence at the revocation hearing did not support the hearing officer's finding that Lobato had the requisite BAC. Two witnesses testified regarding separate analyses of Lobato's blood alcohol content, performed by different people at different times with different results. Each witness testified as to his experience, the procedures and equipment used, and the results obtained. One witness testified to a test result of 0.170; the other witness testified to a test result of 0.129. The hearing officer heard testimony as to possible reasons for the discrepancy, including the opinion of the licensee's toxicology expert that the second sample was probably not affected by the mere passage of time. After hearing this testimony, the hearing officer determined that the state had established by a preponderance of the evidence that Lobato was driving a vehicle with a BAC of 0.15 or higher.

Based on the record, we cannot say that there was no competent evidence on which the hearing officer could base his finding. The evidence was conflicting, and when conflicting evidence is offered it is the agency's role, not the role of the reviewing court, to assess credibility and weigh testimony and other evidence. In holding that "the evidence weighed evenly," the court of appeals incorrectly substituted its judgment for that of the trier of fact. Many factors may enter into a hearing officer's decision that one test is more reliable than another, including but not limited to such variables as the equipment and chemical standards used, the experience of each witness, and the circumstances surrounding a particular test. The determination as to which test result has greater reliability and deserves greater weight is within the agency's discretion and not an issue to be analyzed on appellate review. We conclude that the hearing officer did not abuse his discretion, and the court of appeals erred in reversing the revocation order. Because

---

**6.** Department of Health regulations require continuous observation of a licensee for twenty minutes prior to testing "to detect any belching, regurgitation or intake of any foreign material by nose or mouth." *Glasmann v. Motor Vehicle Div.,* 719 P.2d 1096 (Colo.App.1986).

the record does not reveal any of the grounds for reversible error set forth in the statute, we reverse the court of appeals' alternative holding and remand for reinstatement of the revocation order.