**Eve WICK, Stan Soltz, and Dewey Dawson, Plaintiff–Appellants,**

v.

**PUEBLO WEST METROPOLITAN DISTRICT, a Colorado Special District, Defendant–Appellee.**

No. 88CA1251.

Colorado Court of Appeals, Div. I.

Sept. 14, 1989.

Rehearing Denied Nov. 2, 1989.

Certiorari Denied March 12, 1990.

Law Offices of J.E. Losavio, Jr., J.E. Losavio, Jr. and Doyle T. Johns, Jr., Pueblo, for plaintiffs-appellants.

Mullans and Piersel, Thomas J. Mullans, Pueblo, for defendant-appellee.

Opinion by Judge PIERCE.

Plaintiffs, Eve Wick, Stan Soltz, and Dewey Dawson, appeal a trial court order vacating a preliminary injunction and ordering payment of the security bond to defendant, Pueblo West Metropolitan District (District). We affirm.

Plaintiffs brought this action to enjoin the District, a special district within the state, from erecting a toll booth and collecting a toll for the use of two public roads leading to a state recreation area. The purpose of the toll was to collect funds from non-residents of the District partially to cover the cost of improving and maintaining the roads.

A preliminary injunction was granted and a security bond was posted. However, the trial court subsequently ruled that the District has statutory authority to collect a toll for use of the roads and, therefore, was wrongfully enjoined by the preliminary injunction. As the resulting damages were determined to be in excess of the bond amount, the trial court ordered the payment of the amount of the bond to the District.

## I.

■ Plaintiffs contend that a special district within the state does not have authority to collect a toll for the use of a public road which it is obligated to maintain as such power lies only in the State or a county. We disagree.

Section 32–1–1001(1)(j), C.R.S. (1988 Cum.Supp.) provides that a special district has the authority to:

"fix and, from time to time, to increase or decrease fees, rates, *tolls*, penalties, or charges for services, programs, or facilities furnished by the special district...." (emphasis added)

Statutory terms are to be given effect in accordance with their obvious meaning. *Charnes v. Lobato*, 743 P.2d 27 (Colo.1987). Here, the parties agree that the maintenance and improvement of the roads are services which the District is required to provide pursuant to its service plan. In accordance with the plain meaning of

§ 32–1–1001(1)(j), we conclude that the District is entitled to collect a toll for reimbursement of those services.

## II.

■ Plaintiffs next contend that exemptions from the toll, as established by the District for certain classifications of persons, violate both the federal and state constitutional guarantees of equal protection under the law. We disagree as to the exemption given to district residents, but do not address the constitutionality of two other exemptions as those issues were not raised in the trial court. *See Hessling v. City of Broomfield*, 193 Colo. 124, 563 P.2d 12 (1977).

Classifications within a resolution or regulation of this type are presumed to be valid unless shown to be capricious, arbitrary, and wholly unreasonable beyond a reasonable doubt. *See Crawford v. City & County of Denver*, 156 Colo. 292, 398 P.2d 627 (1965).

Here, the record shows that district residents contribute to the cost of road maintenance through payment of property taxes. The evidence also establishes that there is considerably more traffic on the roads in question than on other roads in the District. Thus, we agree with the trial court that the exemption for district residents is not unreasonable.

## III.

■ Plaintiffs further contend that the trial court erred in ordering payment of the amount of the bond to the District. We disagree.

The purpose of the security bond was to reimburse the District for any damages incurred by it as a result of the imposition of the preliminary injunction in the event that plaintiffs failed to prevail on their claims. *See American Television & Communications Corp. v. Manning*, 651 P.2d 440 (Colo.App.1982). Given that plaintiffs did not prevail, the District was entitled to indemnification up to the amount of the bond for any damage it sustained as a result of the improvidently issued injunc-

tion. *See* C.R.C.P. 65(c). We reject plaintiffs' assertion that entitlement to the bond did not vest in the District because plaintiffs' failure to prevail was based solely on a question of law.

Plaintiffs' remaining contention is without merit.

Judgment affirmed.

JONES and VAN CISE *, JJ., concur.