In the Matter of the ESTATE OF
Thomas Edward HADDAN,
Deceased, Appellee,

and

Concerning Novina Hicks,
Intervenor–Appellant.

No. 93CA0928.

Colorado Court of Appeals,
Div. IV.

April 21, 1994.

Briscoe, Stanway & Harper, P.C., James R. Briscoe, Hotchkiss, for appellee.

Clay and Dodson, P.C., Aaron R. Clay, Barbara J. Kell, Delta, for intervenor-appellant.

Opinion by Judge PLANK.

In this probate action, intervenor, Novina Hicks (Hicks), appeals from the trial court order denying her claim to be an heir of the decedent, Thomas Edward Haddan, her former adoptive father. We affirm.

The parties stipulated to the pertinent facts. The decedent married Hicks' natural mother in 1962, when Hicks was an infant. During this marriage, the decedent adopted Hicks in a stepparent adoption.

However, the decedent and Hicks' mother were divorced in 1967. Thereafter, in 1968, upon the petition of the decedent, a final order of relinquishment was entered terminating the parent-child legal relationship between the decedent and Hicks. No subsequent final decree of adoption, however, has ever been entered with respect to Hicks. Lastly, the decedent died in 1991, presumably intestate.

Following a hearing, the trial court denied Hicks' motion seeking to be declared to be an heir of the decedent under the foregoing facts. Rather, the trial court ruled that, under the applicable relinquishment and inheritance laws in effect in 1968 at the time of the relinquishment, the final order of relinquishment divested Hicks of any future right to inherit from the decedent upon his death in 1991.

On appeal, Hicks contends that the trial court erred in so ruling. We disagree.

It is undisputed that the question of Hicks' inheritance rights from the decedent is determined by the inheritance laws in effect in 1991 at the time the decedent died intestate. *See In re Estate of David,* 776 P.2d 813 (Colo.1989).

It is also undisputed that, to resolve this question under the applicable 1991 inheritance statute, the probate court was required to determine whether Hicks' inheritance rights as to the decedent were divested by the final order of relinquishment, by considering the language of the 1968 relinquishment order and the relinquishment and inheritance laws in effect in 1968 at the time of the relinquishment. *See* § 15–11–109(1)(a), C.R.S. (1987 Repl.Vol. 6B); *In re Estate of David, supra.*

However, none of these sources, *i.e.,* the 1968 relinquishment order or the applicable 1968 relinquishment or inheritance laws, specifically addressed the effect of a final order of relinquishment on the relinquished child's right to inherit from the relinquishing parent.

Here, the preprinted language on the form used for the 1968 relinquishment order essentially tracked the language of the applicable 1968 statute as to the legal effect of the final order of relinquishment. That 1968 relinquishment statute, in turn, provided as follows:

> A final order of relinquishment shall divest the relinquishing parent or parents of all legal rights and obligations they may have with respect to the child relinquished. The order shall release the relinquished child from all legal obligations with respect to the relinquishing parent or parents.

Colo.Sess.Laws 1967, ch. 443, § 22–4–3(4) at 1018.

We also note that the foregoing provisions of the applicable relinquishment statute, now recodified at § 19–5–104(4), C.R.S. (1993 Cum.Supp.), were amended in 1981 specifically to address the issue concerning the effect of a final order of relinquishment on the relinquished child's right to inherit from the relinquishing parent. Specifically, the 1981 amendment added, in pertinent part, the following language to the first sentence

of the foregoing provisions, effective July 1, 1981:

> but it [the final order of relinquishment] shall not modify the child's status as an heir at law [of the relinquishing parent or parents] which shall cease only upon a subsequent final decree of adoption.

Colo.Sess.Laws 1981, ch. 237 at 1046–47.

Thus, under the 1981 amendment to the foregoing statutory provisions, at least with respect to final orders of relinquishment entered on or after July 1, 1981, relinquished children are not divested of their inheritance rights as to the relinquishing parents unless and until a final decree of adoption is subsequently entered. *See* § 19–5–104(4); *In re Estate of David, supra.*

However, we reject Hicks' argument that the 1981 amendment simply clarified prior law, rather than changing it in this respect. To the contrary, we conclude, as did the trial court, that the 1981 amendment changed pre-existing law on this point and that Hicks was indeed divested of her inheritance rights concerning her relinquishing adoptive father by the 1968 relinquishment order under the statutory provisions in effect at that time, notwithstanding the lack of a subsequent final decree of adoption here.

In reaching this conclusion, we note that the language used in the 1968 relinquishment order and in the former statutory provisions is broad and without apparent exception in describing the legal effect of the relinquishment order. In our view, this language established a general rule of divestment of *all* legal rights and obligations between parent and child upon the entry of a final order of relinquishment, which was sufficiently broad so as to include divestment of the relinquished child's inheritance rights with respect to the relinquishing parent. *See Quintrall v. Goldsmith,* 134 Colo. 410, 418–20, 306 P.2d 246, 250–51 (1957) (noting that Colorado then had no statutory provision permitting a child to inherit from a "former adoptive parent" and that the adopted child's "conditional right to inherit was subject to termination whenever the status of parent and child ended").

We find further support for this conclusion in the general rule that when a statute is amended, as this one was in 1981 on this point, it is presumed that the General Assembly intended to change the law rather than to clarify pre-existing law. *See Charnes v. Lobato,* 743 P.2d 27 (Colo.1987); *see also In re Estate of David, supra* (noting that 1981 amendment to what is now § 19–5–104(4) has no retroactive effect, thereby implying that 1981 amendment constituted a change in the law on this point).

Accordingly, we conclude that the trial court properly denied Hicks' claim to be an heir of her former adoptive father here because her right to inherit from him was divested by the final order of relinquishment entered in 1968 under the former statutory provisions in effect at that time.

Order affirmed.

MARQUEZ and ROTHENBERG, JJ., concur.