**COLORADO ETHICS WATCH,**
**Petitioner–Appellant,**

v.

**CITY AND COUNTY OF BROOMFIELD,**
**Respondent–Appellee,**

and

**Office of Administrative Courts, f/k/a**
**Division of Administrative**
**Hearings, Appellee.**

**No. 08CA0255.**

Colorado Court of Appeals,
Div. VII.

Jan. 8, 2009.

Chantell Taylor, Luis Toro, Denver, Colorado, for Petitioner–Appellant.

Heizer, Paul LLP, Dean C. Heizer, Kevin C. Paul, Cynthia A. Coleman, Denver, Colorado, for Respondent–Appellee.

Opinion by Judge TERRY.

In this action arising under the Fair Campaign Practices Act (FCPA), §§ 1–45–101 to –118, C.R.S.2008, plaintiff, Colorado Ethics Watch (CEW), appeals the order of the administrative law judge (ALJ) in favor of defendants, the City and County of Broomfield (City), Secretary of State Mike Coffman, and the Office of Administrative Courts. CEW urges an interpretation of Colorado Constitution article XXVIII, section 2(5)(a)(IV), as incorporated in the FCPA, that would prohibit a City employee from providing to a candidate for elected office anything of value that had the effect of promoting the candidate's election. Because we disagree with that interpretation, we affirm the ALJ's order.

## I. Background

CEW filed a complaint with the Colorado Secretary of State alleging that the City, through the actions of its employees, violated the FCPA by using City staff time and resources to research and provide information to certain candidates for city council and one mayoral candidate, but not to others. That information was used in a candidates' forum. CEW's complaint was referred to the Office of Administrative Courts.

After a hearing, the ALJ made the following findings: The City has a policy of providing public information to any citizen who requests it. In accordance with that policy, when the incumbent mayoral candidate asked a City employee to provide answers to a questionnaire that would be used as a basis to question candidates at an upcoming candidates' forum, City employees provided the answers to that candidate. The City also provided the answers to the members of the city council. Although none of the other candidates requested the answers to the questionnaire, and therefore the answers were not provided to them, they did request other information pertinent to the campaign, and that information was provided to them. "Broomfield exercised an even-handed approach in responding to requests for information from any candidate." The City's responses to the questionnaire were prepared to comply with its public information policy, and not to promote any candidate's election, and would have been provided to anyone who asked for them. There was no evidence that any City employee's actions were motivated by party affiliation or by a desire to favor incumbents. The mayoral candidate to whom the answers were provided did not win re-election. These findings are supported by the record. In accordance with these findings, the ALJ determined that the City had not violated the FCPA.

## II. Statutory Interpretation

CEW contends the ALJ erred in his statutory interpretation of section 1–45–103(6)(a), C.R.S.2008, by concluding that the City's contribution of staff time was not "for the purpose of promoting" a political campaign. We disagree.

A reviewing court must give deference to the reasonable interpretations of the administrative agency authorized to enforce a statute. *Coffman v. Colorado Common Cause,* 102 P.3d 999, 1005 (Colo.2004). However, an agency's statutory construction is not binding on an appellate court. *Id.; see United Parcel Service of America, Inc. v. Huddleston,* 981 P.2d 223, 226 (Colo.App.1999) (when the underlying facts are undisputed, the issue presented is one of law, and court is not bound by agency's determination).

In construing statutory provisions, our obligation is to give full effect to the legislative intent. *Skruch v. Highlands Ranch Metropolitan Districts Nos. 3 & 4*, 107 P.3d 1140, 1142 (Colo.App.2004). To give effect to that intent, we look to the words used, reading them in context and according them their plain and ordinary meanings. *Id.; see* § 2-4-101, C.R.S.2008. We do not resort to extrinsic modes of statutory construction unless the statutory language is ambiguous. *Dep't of Revenue v. Woodmen of the World*, 919 P.2d 806, 809 (Colo.1996).

The FCPA prohibits political subdivisions from making "any contribution in campaigns involving the nomination, retention, or election of any person to any public office." § 1-45-117(1)(a)(I), C.R.S.2008. Under section 1-45-103(6)(a), "contribution" as used in the FCPA has the meaning set forth in Colorado Constitution article XXVIII, section 2(5). Section 2(5)(a)(IV) provides that a contribution is "[a]nything of value given, directly or indirectly, to a candidate *for the purpose of* promoting the candidate's nomination, retention, recall, or election." Colo. Const. art. XXVIII, § 2(5)(a)(IV) (emphasis added).

Although neither the FCPA nor section 2(5)(a)(IV) defines the phrase "for the purpose of," its plain meaning indicates an anticipated result that is intended or desired. *See Webster's Third New International Dictionary* 1946 (2008) (defining "purpose" to include element of intent). We therefore disagree with CEW's contention that "for the purpose of" should be construed to mean "with the effect of." Such a construction would improperly conflate the distinct concepts of purpose and effect.

CEW's interpretation of the word "contribution" as used in section 2(5)(a)(IV) would lead to unintended consequences, far beyond the scope of the issues presented in this case. Under its reading, any time a person or entity gave anything of value to a candidate for public office that had the *effect* of favoring that candidate's election, it would be considered a contribution. As a result, persons who never intended to make a campaign contribution could be found to have done so. Nothing in section 2(5)(a)(IV) indicates that the voters intended this result when they approved this constitutional provision defining the term "contribution."

CEW's reliance on *Coffman* to suggest that "for the purpose of" should be interpreted as "with the effect of" is misplaced. There, the State Treasurer appealed a decision holding that he had violated the FCPA in issuing press releases. 102 P.3d at 1004. Although it considered the same constitutional provision at issue here, the *Coffman* court shed no light on the interpretation of the phrase "for the purpose of." *Skruch*, also cited by CEW, is inapposite because it construed statutory language different from that used in section 2(5)(a)(IV)'s definition of "contribution." 107 P.3d at 1143 (construing "urge"), 1144-45 (construing "expenditure").

We conclude the ALJ correctly interpreted the phrase "for the purpose of" in accordance with its plain meaning.

### III. Required Intent

Because we reject CEW's contention that the effect of the City employees' actions, rather than their intent, is to be examined, we also reject its argument that intent is to be gauged by objective rather than subjective criteria. As noted above, inquiry into purpose requires examination of the intent of the person alleged to have made a contribution.

### IV. Evidentiary Issues

CEW asks us to conclude that, if purpose is to be proved by intent, CEW proved the intent requirement of section 2(5)(a)(IV) because City employees testified they knew the information provided would be helpful to the candidates to whom they provided it. CEW also argues that the ALJ erred in rejecting the circumstantial evidence of intent which it presented. We are not persuaded by CEW's arguments regarding these evidentiary issues.

█ We disagree with CEW's characterization of these arguments as issues of law. On the contrary, both were factual determinations solely within the province of the ALJ.

An agency decision will be sustained unless it is arbitrary or capricious, is unsupported by the evidence or contrary to the law, *Regents of Univ. of Colorado v. Meyer*, 899 P.2d 316, 317 (Colo.App.1995), or otherwise con-

travenes the provisions of section 24–4–106(7), C.R.S.2008. To set aside an agency's determination on the ground that it is arbitrary or capricious, a reviewing court must be convinced, based on the record as a whole, that there is no substantial evidence to support the agency's determination. § 24–4–106(7); *see Charnes v. Lobato,* 743 P.2d 27, 33 (Colo.1987).

In an administrative hearing, the presiding officer functions as the trier of fact, makes determinations of witness credibility, and weighs the evidence presented at the hearing. *Charnes,* 743 P.2d at 32. Where conflicting testimony is presented in an administrative hearing, the credibility of the witnesses and the weight to be given their testimony are decisions within the province of the presiding officer. A reviewing court will not substitute its judgment for that of the fact finder. *Id.*

The ALJ considered evidence concerning the City employees' intent and determined that CEW had not met its burden to prove that the employees provided services for the purpose of promoting a campaign. This conclusion is supported by substantial evidence in the record and we will not disturb it.

Moreover, CEW's interpretation improperly equates knowledge of the possible effect of one's actions with an intent to achieve a particular result. The concepts of knowledge and intent are legally distinct. *See Goodman v. State,* 601 P.2d 178, 181–82 (Wyo.1979) (" '[I]ntent ... encompasses both the desire to achieve a particular end and the knowledge that such an end is the almost-certain result of an act.... As distinguished from intent, knowledge signifies an awareness.' Though frequently mentioned along with intent ..., knowledge connotes something less, and is important as a separate and distinct concept ....") (quoting 2 Louisell & Mueller, Federal Evidence, § 140, at 126–28, 133–37 (1978)).

Order affirmed.

Judge GRAHAM and Judge FURMAN concur.