530 P.2d 986 (1974)
Emmett CANTRELL, Plaintiff-Appellant,
v.
Hugh H. C. WEED, Executive Director, Department of Revenue, Division of Motor Vehicles, State of Colorado, Defendant-Appellee.
No. 73-455.
Colorado Court of Appeals, Div. III.
December 31, 1974.
*987 Stitt, Wittenbrink & Roan, P.C., R. J. Wittenbrink, John Joslin, Denver, for plaintiff-appellant.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Dennis J. Sousa, Sp. Asst. Atty. Gen., Denver, for defendant-appellee.
Selected for Official Publication.
SMITH, Judge.
Plaintiff was stopped by a Colorado state patrolman for speeding and investigation of driving while under the influence of alcohol. The officer requested that plaintiff submit to a chemical test for sobriety pursuant to the implied consent law, 1971 Perm.Supp., C.R.S.1963, 13-5-30(3). The officer orally advised plaintiff of his rights and read the implied consent advisement to plaintiff. Plaintiff, looking on with the officer, read the advisement form while the officer was reciting its words. However, until sometime later at the police station, the officer did not give plaintiff a copy of the advisement form containing written notice of the consequences of refusal to take the sobriety test. In the meantime, plaintiff had refused to submit to any test.
A revocation hearing, pursuant to 1971 Perm.Supp., C.R.S.1963, 13-5-30(3) (e), was held by the Motor Vehicle Division of the Department of Revenue, and at its conclusion, defendant entered an order revoking plaintiff's driver's license. Plaintiff sought review of defendant's action in Adams County District Court. The court entered an order sustaining the revocation of plaintiff's license. From that order, plaintiff appeals. We reverse.
1971 Perm.Supp., C.R.S.1963, 13-5-30(3)(b), provides, in pertinent part:
" . . . At the time of making such request (for administration of a chemical sobriety test), the officer orally, and by written notice, which written notice shall be both in English and Spanish, and signed by said official, shall inform the person arrested of his rights under the law and the probable consequences of a refusal to submit to such a test.. . ."
This statute was recently construed in Vigil v. Motor Vehicle Division of the Dept. Revenue, Colo., 519 P.2d 332, to mean that at the time of the request to take the test, the officer shall inform the licensee orally and in writing of his rights under the law and of the probable consequences of refusal to take the test. Thus, notice in writing must be physically handed or offered to the licensee contemporaneously with or prior to the officer's request for the sobriety test. If the statute is to have any meaning it must be interpreted to require that the "person arrested" be given an explanation, in written form, of his rights and the probable consequences of refusing to submit to a test, in order that he may read and study the same before having to make a decision. Here, the statute was not complied with because plaintiff did not receive written notice until after he had refused to take the test. Merely affording plaintiff the opportunity to "read along" while the officer verbally recites the form is not sufficient and failure to advise the plaintiff precludes revocation of his license.
Judgment reversed and cause remanded with directions that plaintiff's license be ordered restored.
RULAND and VAN CISE, JJ., concur.