598 P.2d 532 (1979)
Robert P. MARTIN, Betty Martin, and Mary Jo Martin, by and through her parents and next friends, Robert P. Martin and Betty Martin, Plaintiffs-Appellants,
v.
The COUNTY OF WELD, State of Colorado, and Weld County Department of Social Services, William Baird, Frankie Purdue, and other unknown persons, Defendants-Appellees.
No. 78-1177.
Colorado Court of Appeals, Div. I.
July 19, 1979.
*533 Houtchens, Houtchens & Daniel, Jerry C. Daniel, Kim R. Houtchens, Greeley, for plaintiffs-appellants.
Wood, Ris & Hames, P.C., Eugene S. Hames, Christopher M. Brandt, Denver, for defendant-appellee William Baird.
Pryor, Carney & Johnson, Irving G. Johnson, Englewood, Thomas O. David, Weld County Atty., Greeley, for defendants-appellees, Weld County, State of Colo., Weld County Dept. of Social Services, Frankie Purdue, and other unknown persons.
VanCISE, Judge.
Plaintiffs, Robert, Betty, and Mary Jo Martin (Martins), appeal from the trial court's entry of summary judgment in favor of defendants, Weld County Department of Social Services, William Baird, and Frankie Purdue. We affirm in part and reverse in part.
The Martins' action for slander, outrageous conduct, negligence, and gross negligence arises out of defendants' investigation, conducted pursuant to the Child Protection Act of 1975, § 19-10-101, et seq., C.R.S. 1973 (now in 1978 Repl. Vol. 8), of the alleged sexual abuse of Mary Jo by her father, Robert.
The Martins alleged in their complaint and affidavits that the Department received an anonymous telephone call to the effect that Robert was sexually abusing his *534 daughter, Mary Jo. Mary Jo, who at the time was 13 years old, was interviewed at school by Purdue, an employee of the Department. During this 1½ hour interview, Purdue made various allegations of sexual abuse and criminal misconduct against Robert, which Mary Jo, through her tears, vehemently denied. Following that interview, Robert, Betty, and another family member were interviewed. Based on its investigation, the Department concluded that he allegations against Martin were unfounded and dropped the case.
The Martins then filed their complaint in this action. They also sought production of documents concerning the investigation and served interrogatories on defendants Purdue and Baird, Purdue's supervisor in the Department. Defendants moved to dismiss and filed a supporting affidavit of defendant Baird. Plaintiffs filed a brief in opposition to the motion, together with affidavits from each plaintiff. Defendants having failed to respond to discovery, the Martins moved to compel discovery. Defendants answered that motion with requests for protective orders, contending that all information sought by the Martins was privileged under the Child Protection Act. Treating defendants' motion to dismiss as a motion for summary judgment, the trial court granted the motion, holding that there were no genuine issues of material fact, that defendants were immune from suit under the provisions of § 19-10-110, C.R.S.1973 (1978 Repl. Vol. 8), and that defendants were entitled to judgment as a matter of law. The trial court did not reach the discovery issues and plaintiffs have had no discovery to date.
On appeal the Martins contend that genuine factual issues were present and that the trial court erred in granting summary judgment.
Defendants contend that they complied with the provisions of the Child Protection Act and are therefore immune from civil liability by the provisions of § 19-10-110, C.R.S.1973 (1978 Repl. Vol. 8), which provides:
"Any person participating in good faith in the making of a report or in a judicial proceeding held pursuant to this title, the taking of color photographs or X-rays, or the placing in temporary protective custody of a child pursuant to this article or otherwise performing his duties or acting pursuant to this article shall be immune from any liability, civil or criminal, that otherwise might result by reason of such reporting. For the purpose of any proceedings, civil or criminal, the good faith of any person reporting child abuse, any person taking color photographs or X rays, and any person who has legal authority to place a child in protective custody shall be presumed."
The statute immunizes a person "participating in good faith in the making of a report. . . or otherwise performing his duties or acting pursuant to this article" (emphasis supplied); however, the good faith of the defendants is in issue here.
Summary judgment may not be granted when genuine issues of material fact exist. McCormick v. Diamond Shamrock Corp., 175 Colo. 406, 487 P.2d 1333 (1971). The burden of establishing the lack of a genuine issue lies with the moving party, even when the non-movant would have the burden of proof on an issue at trial. See Ginter v. Palmer & Co., Colo., 585 P.2d 583 (1978); Primock v. Hamilton, 168 Colo. 524, 452 P.2d 375 (1969). In the present case, only one affidavit was produced by defendants, that of the defendant Baird, and there is serious question whether he was speaking from any personal knowledge. In pertinent part, the affidavit stated that the investigation had been conducted according to "protocol" and department policy, by a trained staff, and "was not prompted or conducted with any personal or political consideration involved, and was conducted by and within the Department in good faith and in a professional manner."
The mere declaration of good faith by an affiant is not sufficient to resolve that issue in the face of a pleaded denial. Hatfield v. Barnes, 115 Colo. 30, 168 P.2d 552 (1946). Moreover, because the *535 issue of whether defendants acted in "good faith" necessarily involves their state of mind, resolution of this issue must include a reference to all facts and circumstances of the case as developed not only from direct and circumstantial evidence, but cross-examination and determination of credibility made by the trier of facts. Brown v. Rosenbloom, 34 Colo.App. 109, 524 P.2d 626 (1974), aff'd sub nom., Province v. Brown, 188 Colo. 83, 532 P.2d 948 (1975).
Moreover, the Martins, in their complaint and affidavits, even without the benefit of any discovery, alleged facts indicating defendants' lack of good faith. First, they set out details showing that Purdue's interview of the child Mary Jo went beyond mere investigation and amounted to harassment and intentional infliction of emotional distress. Second, the Martins alleged that defendants intentionally leaked information about the case to the county commissioners, with whom Robert Martin, as a member of the county council, regularly met, and also to the press, and that the leaks were contrary to § 19-10-115, C.R.S.1973 (1978 Repl. Vol. 8), which requires that such information be kept in confidence. Third, they alleged that defendants published statements that were slanderous per se about Robert Martin.
The statutory presumption of good faith, if applicable to these defendants, is insufficient to support a summary judgment when, as here, the plaintiffs in their pleading and affidavits assert facts which, if true, would rebut the presumption.
As to the slander claim, the court held that the statements attributed to the defendants were conditionally privileged and not actionable in the absence of malice. However, the plaintiffs specifically alleged in their complaint, sworn to as true in one of the affidavits, that Purdue, at the direction of Baird and under the auspices of the Department, publicly accused Robert Martin of sexual abuse and criminal misconduct, and that these acts were accomplished with a wanton and reckless disregard of the plaintiffs' rights and feelings. Common law malice is thus alleged and made an issue and this is sufficient at this stage to defeat the conditional privilege defense asserted here. See Ling v. Whittemore, 140 Colo. 247, 343 P.2d 1048 (1959).
There being genuine issues of material fact not resolved at the time of the hearing on the motion, it was error for the trial court to grant summary judgment, C.R.C.P. 56; see Abrahamsen v. Mountain States Telephone & Telegraph Co., 177 Colo. 422, 494 P.2d 1287 (1972), except as set forth below.
Since the alleged slanderous remarks concerned plaintiff Robert Martin only, the slander claim was properly dismissed as to the other plaintiffs. See Lininger v. Knight, 123 Colo. 213, 226 P.2d 809 (1951); Inter-State Detective Bureau, Inc. v. Denver Post, Inc., 29 Colo.App. 313, 484 P.2d 131 (1971).
Also, the claims against defendant Weld County Department of Social Services, a public entity, for exemplary damages in the first, second, and fourth counts of the complaint, were properly dismissed. Section 24-10-114(4), C.R.S.1973.
Inasmuch as there will be further proceedings in this matter, it should be noted that § 19-10-115(2)(e), C.R.S.1973 (1978 Repl. Vol. 8), pertaining to confidentiality of records, provides that access to child abuse records and reports shall be given to a parent, "with protection for the identity of reporters and other appropriate persons." (emphasis supplied) Therefore, the plaintiffs Robert and Betty Martin shall be given access to the Department's files on this case of alleged child abuse and full discovery shall be permitted to the plaintiffs as in any other civil case, except for information in the file or sought by discovery which would identify the informant who made the initial report to the authorities. Access to data that would identify the informant shall be given to the plaintiffs only upon a finding by the trial court that public disclosure of the information may be necessary for the resolution of an issue in the case then pending before it. § 19-10-115(2)(f), C.R.S.1973. (1978 Repl. Vol. 8).
*536 The judgment is affirmed in the two particulars set forth above, and in all other respects is reversed, and the cause is remanded for further proceedings.
SILVERSTEIN and COYTE, JJ., concur.