**Gary Michael BOWKER, Plaintiff-Appellant,**

v.

**Alan CHARNES, Director, Department of Revenue, Motor Vehicle Division, State of Colorado, Defendants-Appellees.**

**No. 83CA0848.**

Colorado Court of Appeals, Div. III.

March 8, 1984.

Robert D. Kelly, Lakewood, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James R. Willis, Asst. Atty. Gen., Denver, for defendants-appellees.

STERNBERG, Judge.

Plaintiff appeals from an order of the district court upholding the suspension of his driver's license pursuant to the implied consent law. Citing *Cantrell v. Weed*, 35 Colo.App. 180, 530 P.2d 986 (1974), he contends that he was not properly advised of his rights. We affirm.

The arresting officer testified that he read the advisement form to the plaintiff, and asked him to submit to a blood alcohol test. The plaintiff refused. Then, the officer handed a copy of the form to the plain-

tiff and again asked if he would submit to a test, and again plaintiff refused.

The hearing officer noted some ambiguity in the officer's testimony, but found that the second refusal occurred after plaintiff received a copy of the advisement form. The hearing officer concluded that this procedure satisfied the requirements of *Cantrell v. Weed, supra.* The district court held that the hearing officer's decision was supported by substantial evidence and affirmed.

The law in effect at the time of plaintiff's arrest required that the arresting officer "orally and by written notice ... inform the person arrested of his rights under the law and the probable consequences of a refusal to submit to such a test." Section 42–4–1202(3)(b), C.R.S. (repealed by Colo. Sess.Laws 1983, ch. 476 at 1631). In *Cantrell*, we interpreted the statute to mean that "notice in writing must be physically handed or offered to the licensee contemporaneously with or prior to the officer's request for the sobriety test."

We hold that the officer cured any possible *Cantrell* defect by handing plaintiff a copy of the advisement and affording him a second opportunity to take the test. Contrary to plaintiff's assertion, it was not necessary for the officer again to orally advise plaintiff of his rights. Neither do we see any evidence that this procedure confused the plaintiff concerning his right to recant his first refusal to take the test. *See Herren v. Motor Vehicle Division*, 39 Colo.App. 146, 565 P.2d 955 (1977).

Order affirmed.

VAN CISE and METZGER, JJ., concur.