**Shawn Rodger COOPER, Plaintiff-Appellant,**

v.

**Carolyn NIELSEN, Hearing Examiner, State of Colorado, Department of Revenue, Defendant-Appellee.**

No. 83CA1028.

Colorado Court of Appeals, Div. II.

Aug. 30, 1984.

Law Offices of Tad Wallin, P.C., Tad Wallin, Fort Collins, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellee.

SMITH, Judge.

Plaintiff appeals from a judgment of the district court upholding the revocation of his driver's license by the Department of Revenue under the implied consent law. We affirm.

## I

Plaintiff first contends that the advisement procedure did not comply with the requirements set forth in *Cantrell v. Weed*, 35 Colo.App. 180, 530 P.2d 986 (1974). We disagree.

The arresting officer testified that he placed a copy of the advisement on plaintiff's lap and held a flashlight on it so plaintiff could study the form and read along while he was verbally advised of its contents. Thereafter, plaintiff refused to consent. The arresting officer then turned off the flashlight, retrieved the form, and allowed plaintiff to sit in the dark for sixteen minutes to "think about it," and then requested his consent again. Plaintiff still refused to consent. Plaintiff did not, during this period, express any desire to re-read the form or for any additional information relative to the procedure. The officer did not read the Spanish portion of the form to the plaintiff.

The hearing officer concluded that there had been a proper advisement and that plaintiff had refused to take the test and therefore revoked plaintiff's license. The district court held that there was sufficient evidence in the record to support the findings of the hearing officer and affirmed the revocation.

The law in effect at the time of plaintiff's arrest required that the arresting officer "orally and by written notice ... inform the person arrested of his rights under the law and the probable consequences of a refusal to submit to such test." Section 42-4-1202(3)(b), C.R.S. (repealed by Colo. Sess.Laws 1983, ch. 476 at 1631). Under this statute, notice in writing must be handed or offered to the licensee before or contemporaneously with the request for consent to test, and the licensee must be given the written form in order that he may read and study it before having to make a decision. *Cantrell v. Weed, supra.* We conclude from all the evidence, as did the trial court, that this requirement was satisfied here.

## II

Plaintiff next asserts that because the Spanish language portion of the advisement form was not filled out by the officer and because he was not orally advised in Spanish as well as English, the statute relative to advisement was not complied with. We reject this contention.

At the time of plaintiff's arrest, § 42-4-1202(3)(b), C.R.S., in pertinent part read:

> "At the time of making such request, the officer, orally and by written notice (which written notice shall be in both English and Spanish and signed by said officer), shall inform the person arrested of his rights under the law and the probable consequences of a refusal to submit to such a test."

This statute does not require the arresting officer to speak Spanish when advising the driver of his rights. The statute requires only that the written notice be in both English and Spanish. The advisement form used by the arresting officer is printed in both English and Spanish. The advisement form was signed by the officer. Hence, the lack of oral advisement in Spanish was without significance.

## III

Plaintiff's final arguments are that the officer's sworn report is false because he did not orally advise plaintiff in Spanish and that the jurat executed by the notary public on the report was defective because instead of reciting the affiant's name, the words "in person" were inserted in the form. Neither issue has merit.

We have disposed of the language issue above, and inasmuch as the report adequately identified the affiant, we conclude that the erroneous entry in the jurate does not render the oath defective. The report thus complies with the "sworn report" requirement of the statute. *See Drake v. Colorado Department of Revenue,* 674 P.2d 359 (Colo.1984).

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.