Terry L. DIKEMAN, Plaintiff-Appellant,

v.

Alan CHARNES, as Director of the Department of Revenue, Motor Vehicle Division, State of Colorado, Defendant-Appellee.

No. 85CA1366.

Colorado Court of Appeals, Division IV.

Feb. 26, 1987.

Rehearing Denied April 2, 1987.

Certiorari Denied (Dikeman) June 29, 1987.

Law Offices of Worstell & Wyatt, Peter B. Albani, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dan B. Zimmerman, Asst. Atty. Gen., Denver, for defendant-appellee.

HODGES,[*] Justice.

Terry Dikeman appeals from the judgment of the district court affirming an order of the Department of Revenue (Department) revoking his driver's license. We affirm.

After observing a speeding and weaving vehicle, a Lakewood police officer stopped it, and noted an odor of an alcoholic beverage on Dikeman, the driver. The officer therefore requested Dikeman to perform roadside sobriety tests, which he failed. Dikeman was then placed under arrest, and was offered a choice of either a breath or blood test of his blood alcohol level.

The officer advised Dikeman that refusal to submit to either test would result in the loss of his driver's license. Dikeman told the officer that: "[H]e was not going to take a test because if he did he would be over the limit because he had not eaten that night and had had something to drink." Dikeman also stated that he wanted to speak to his attorney before he took a test. As a result of these statements, no chemical test was administered, and Dikeman was issued a notice of revocation by the police officer pursuant to §§ 42–4–1202(3)(a) and (d) and 42–2–122.1, C.R.S. (1984 Repl. Vol. 17) (the express consent statutory provisions).

A license revocation hearing was convened in accordance with § 42–2–122.1, C.R.S. (1984 Repl. Vol. 17), after which the Department's hearing officer concluded that the arresting officer had reasonable grounds to ask Dikeman to submit to a chemical test and that Dikeman had refused to take any test. The hearing officer thereupon revoked Dikeman's driver's license for a period of one year.

On appeal, Dikeman initially argues that his statements to the arresting officer were not tantamount to a refusal. We do not agree.

---

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

It is the driver's external manifestations of unwillingness to take the test which are relevant here. The evidence before the hearing officer, including the officer's testimony and notes, provides support for the finding that Dikeman refused the test.

Moreover, we hold that his request to speak to an attorney before taking a chemical test must be deemed a refusal as a matter of law. *See Drake v. Colorado Department of Revenue,* 674 P.2d 359 (Colo.1984). Although decided under the prior implied consent statute, 42-4-1202, C.R.S. (1973 original volume 17), we see no reason not to apply the reasoning and holding of *Drake v. Colorado Department of Revenue, supra,* in this case under the current express consent statutory provisions, *supra.*

Dikeman also argues that the Department did not have reasonable grounds to proceed with revocation procedures on the basis of the police officer's report to the Department, and that he was entitled to an advisement of the consequences of refusing a chemical test before he was requested by the officer to submit to a test. We reject these arguments.

Section 42-2-122.1, C.R.S. (1984 Repl. Vol. 17) directs the Department to revoke the license of any person upon its determination that the person improperly refused to submit to a chemical analysis. The Department is to make this determination on the basis of a report to that effect submitted by the police officer, unless the driver requests a hearing, in which case the decision to revoke is based on the evidence received.

That procedure was followed here. The police officer's report to the Department revealed that Dikeman had refused the test, and the report otherwise conformed to statutory requirements. Dikeman thereafter requested a hearing and the Department entered its revocation on the basis of the evidence presented to the Department's hearing officer.

Under the pertinent provision of the prior implied consent statute, *supra,* the arresting officer was required to inform the licensee orally and in writing of his rights and the probable consequences of refusing to submit to a test. *Cooper v. Nielsen,* 687 P.2d 541 (Colo.App.1984). However, this requirement does not exist under the now applicable § 42-4-1202, C.R.S. (1984 Repl. Vol. 17). And, as to this requirement, due process is satisfied by the notice given licensees through publication of the statute. A licensee is thus presumed to know the law regarding the operation of motor vehicles, including the consequences of refusing a request for chemical testing. *See Brewer v. Motor Vehicle Division,* 720 P.2d 564 (Colo.1986).

In any event, we note that, although not required to do so, the officer did inform Dikeman that refusal to submit to the test could result in revocation of his driver's license.

We hold, as did the trial court, that the requirements of §§ 42-4-1202 and 42-2-122.1, C.R.S. (1984 Repl. Vol. 17) were properly met, and that the Department did not exceed its authority in revoking Dikeman's driver's license.

Judgment affirmed.

BABCOCK and SILVERSTEIN, JJ., concur.