**Truett DAVIS, Plaintiff–Appellee,**

v.

**Rich CARROLL, as a Hearing Examiner for the Colorado Department of Revenue, Motor Vehicle Division; Amelie Buchanan, as Hearing Division Director of the Colorado Department of Revenue, Motor Vehicle Division; and Alan Charnes, as Executive Director of the Colorado Department of Revenue, Defendants–Appellants.**

**No. 88CA1051.**

Colorado Court of Appeals, Division 4.

Oct. 19, 1989.

Griffith, Beach & Allin, Otis W. Beach, Fort Collins, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Antony B. Dyl, Asst. Atty. Gen., Denver, for defendants-appellants.

Opinion by Judge TURSI.

The Department of Revenue appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, Truett Davis. The sole issue on appeal is whether plaintiff refused to submit to a chemical test of his breath or blood within the meaning of the express consent statute. We reverse.

Prior to his arrest for driving under the influence of alcohol, plaintiff took a breath test in the field on a portable breath testing device at the request of the arresting officer. Following his arrest, plaintiff refused the arresting officer's repeated requests that he submit to a chemical test of his breath or blood.

The hearing officer found that the preliminary breath test, pursuant to Colo.Sess. Laws 1984, ch. 316, § 42–4–1202(2.5) (as then in effect), did not satisfy plaintiff's obligation under the express consent stat-

ute and, therefore, revoked plaintiff's driver's license for refusing to submit to testing within the meaning of the express consent statute.

On review, the district court reversed the revocation, ruling. that plaintiff satisfied the requirements of §§ 42–2–122.1(8)(c) and 42–4–1202(3), C.R.S. (1984 Repl.Vol. 17), (the express consent statute), by submitting to the chemical test of his breath on the preliminary screening device.

The Department of Revenue contends that the preliminary breath test given to plaintiff prior to his arrest did not constitute a chemical test within the meaning of the express consent statute, and that the revocation for plaintiff's refusal to submit to testing is supported by competent evidence in the record. We agree.

Here, the hearing officer found that plaintiff was told that the breath test he took was only a preliminary screening test and that the results were not admissible in court, and since this finding was based on the resolution of conflicting evidence, it is binding on appeal. *See Charnes v. Lobato,* 743 P.2d 27 (Colo.1987). Pursuant to § 42–4–1202(2.5), then and now, results of a preliminary screening test may be used to decide whether to administer a chemical test pursuant to the express consent statute, but cannot be used in any court action. Hence, the initial test at issue here did not constitute the required test within the meaning of the express consent statute. *See Hess v. Tice,* 43 Colo.App. 47, 598 P.2d 536 (1979).

Thus, the hearing officer's finding that plaintiff refused to submit to testing as required by the express consent statute is amply supported by substantial evidence in the record as a whole. *See Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978); *Dikeman v. Charnes,* 739 P.2d 870 (Colo.App. 1987). Accordingly, the district court erred in reversing the revocation.

The judgment is reversed and the cause is remanded to the district court with directions to reinstate the order of revocation.

FISCHBACH and DUBOFSKY, JJ., concur.