**CREDIT SERVICE COMPANY, INC., Plaintiff–Appellee,**

v.

**Daniel W. DAUWE, Third–Party Plaintiff–Appellant,**

and

**Deane S. Berson, M.D., Third–Party Defendant–Appellee.**

No. 04CA0157.

Colorado Court of Appeals, Div. III.

Sept. 22, 2005.

Rehearing Denied Dec. 29, 2005.

Certiorari Denied May 8, 2006.

Greenberg & Associates Law Firm, Alan Greenberg, Caroline M. Batchelor, Englewood, Colorado, for Plaintiff–Appellee.

Daniel W. Dauwe, Pro Se.

Law Offices of J.M. Reinan, P.C., Jerome M. Reinan, Eric N. Kibel, Denver, Colorado, for Third–Party Defendant–Appellee.

TAUBMAN, J.

Third-party plaintiff, Daniel W. Dauwe, appeals the summary judgment dismissing his claims against third-party defendant, Deane S. Berson, M.D., for willful and wanton misconduct and false reporting of child abuse. He also appeals the trial court's orders denying various discovery requests. We affirm.

This is the second appeal in a case which began as a collection action by plaintiff, Credit Service Company, Inc., against Dauwe to recover charges by Berson for certain psychiatric services he had provided to Dauwe's children. The case began in county court, but was removed to district court when Dauwe filed a third-party complaint against Berson that contained six separate claims for relief.

One claim in the initial third-party complaint alleged that Berson had "violated C.R.S. 19–3–309 by making willfully, wantonly, and maliciously false allegations of child abuse against Dauwe." Another claim alleged that Berson "was professionally negligent in his persistent efforts to undermine the bond of Dauwe with his children." In the first appeal, a division of this court affirmed the trial court's dismissal of the claim for professional negligence on the ground that Dauwe had not filed a certificate of review. However, the division concluded that to the extent that Dauwe's malpractice claim was based on Berson's willful, wanton, and malicious actions, no certificate of review was required. *See Credit Serv. Co. v. Dau-*

*we,* (Colo.App. No. 00CA1363, July 19, 2001)(not published pursuant to C.A.R. 35(f)).

Subsequently, Dauwe filed a supplemental third-party complaint, alleging Berson committed an additional incident of false reporting of child abuse.

Berson then moved for partial summary judgment, asserting that he was statutorily immune from civil liability under § 19–3–309, C.R.S.2005, because his reports of suspected child abuse regarding Dauwe were made in good faith. The trial court agreed, concluding that Dauwe had not rebutted the statutory presumption that such reports are made in good faith.

I. Immunity from Civil Liability for Good Faith Reporting of Suspected Child Abuse

■ Dauwe contends that the trial court erred in granting Berson's motion for partial summary judgment regarding Berson's allegedly willful and wanton misconduct in reporting suspected child abuse to the authorities. We disagree.

■ Summary judgment is appropriate when the pleadings and supporting documentation demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *West Elk Ranch, L.L.C. v. U.S.,* 65 P.3d 479 (Colo.2002). An appellate court reviews the grant of a summary judgment motion de novo, as it is ultimately a question of law. *Martini v. Smith,* 42 P.3d 629 (Colo.2002). The nonmoving party is entitled to the benefit of all favorable inferences from the undisputed facts, and all doubts as to the existence of a triable issue of fact must be resolved against the moving party. *Martini, supra.*

As relevant here, § 19–3–304(1), C.R.S. 2005, provides that a psychiatrist:

who has reasonable cause to know or suspect that a child has been subjected to abuse or neglect or who has observed the child being subjected to circumstances or conditions which would reasonably result in abuse or neglect shall immediately upon receiving such information report or cause a report to be made of such fact to the

county department or local law enforcement agency.

Section 19–3–309 provides immunity against civil liability for psychiatrists and others making reports pursuant to § 19–3–304(1), provided that they act in good faith. Specifically, that statute provides:

Any person, other than the perpetrator, complicitor, coconspirator, or accessory, participating in good faith in the making of a report, in the facilitation of the investigation of such a report, or in a judicial proceeding held pursuant to this title . . . or the placing in temporary protective custody of a child pursuant to section 19–3–405 or otherwise performing his duties or acting pursuant to this part 3 shall be immune from any liability, civil or criminal, or termination of employment that otherwise might result by reason of such acts of participation, unless a court of competent jurisdiction determines that such person's behavior was willful, wanton, and malicious. For the purpose of any proceedings, civil or criminal, the good faith of any such person reporting child abuse . . . and any such person who has legal authority to place a child in protective custody shall be presumed.

### A. Material Facts in Dispute

Dauwe first contends that the trial court erred in granting summary judgment because there were material facts in dispute. We disagree.

Here, Berson's summary judgment motion was supported by his affidavit and Dauwe's discovery responses.

In his affidavit, Berson stated that in the course of his counseling Dauwe, his ex-wife, and their children, he learned that Dauwe had been accused of "doing the hula" in the nude in front of his children and of kissing his children in the upper thigh area, and that his children were engaged in inappropriate sexual behaviors, some of which had been reported by Dauwe's ex-wife to be similar to Dauwe's sexual behaviors. Berson further stated that as a psychiatrist and physician, he believed that these accusations required him to make a report of suspected child abuse to the department of social services

and that, in making the report, he was motivated by concern for the health and well-being of the Dauwe children and their parents.

Further, Berson attested that he did not report suspected child abuse in order to harm Dauwe and, when he did "take sides" in the therapeutic relationship, he did so only to protect the well-being of Dauwe, his ex-wife, and their children.

Dauwe's discovery responses supporting Berson's summary judgment motion also indicated that he had been accused not only by Berson, but also by his ex-wife, his children, and school authorities of various improper acts, including inappropriately touching and kissing his children, dancing nude in front of them, taking nude showers with them, and using the bathroom while his daughter was using it. Specifically, in one request for admission, Dauwe admitted that a court ordered or warned him to cease taking nude showers with his son. In another, he admitted that a court had ordered or warned him not to use the bathroom while his daughter was using it. Additionally, Dauwe admitted that a person or entity other than Berson had accused him of kissing his son or daughter on the upper thigh region.

In response to the summary judgment motion, Dauwe contended that material issues of fact were in dispute. He attached to his motion a copy of a letter apparently written by Berson which intimated that Berson believed that Dauwe was evil. Dauwe also asserted that to the extent that Berson stated he was obligated to make a report to the department of social services based upon Dauwe's ex-wife's allegations, he should have realized that she was a liar as a result of her serious psychological problems relating to childhood sexual abuse. Further, Dauwe alleged that "to the extent that Mr. Berson fabricated the allegations himself, he is obviously guilty of reporting known falsehoods."

We conclude that Dauwe's response to the summary judgment motion was insufficient to raise disputed issues of material fact for two reasons. First, his statements contained in his briefs were not in affidavits attested under oath as required by C.R.C.P. 56(e).

*See Stotler v. Geibank Indus. Bank,* 827 P.2d 608 (Colo.App.1992). Similarly, the attachments to the motion, including the above-described letter by Berson, were not in accordance with C.R.C.P. 56(e), which requires sworn or certified copies of all papers referred to in an affidavit.

■ Second, even if we were to assume, however, that the trial court properly considered these materials because Berson did not object to them, we nevertheless conclude that no issues of material fact exist.

To conclude that there are no issues of material fact, we must interpret the meaning of "good faith" contained in § 19–3–309.

Although this term is not defined in the statute, *Black's Law Dictionary* 713 (8th ed.2004), defines "good faith" as "a state of mind consisting in (1) honesty in belief or purpose, (2) faithfulness to one's duty or obligation, (3) observance of reasonable commercial standards of fair dealing in a given trade or business, or (4) absence of intent to defraud or seek unconscionable advantage."

Interpreting the statutory predecessor to § 19–3–309, a division of this court held,

> In resolving the question of the existence of good faith, a reference to all underlying circumstances must be made. Proof of such state of mind involves a consideration of circumstantial evidence and of the reasonable inferences to be drawn therefrom. Thus, such an issue seldom can be resolved on a motion for summary judgment.

*Montoya v. Bebensee,* 761 P.2d 285, 290 (Colo.App.1988).

In an earlier case, another division of this court held that "[t]he mere declaration of good faith by an affiant is not sufficient to resolve that issue in the face of a pleaded denial." *Martin v. Weld County,* 43 Colo. App. 49, 53, 598 P.2d 532, 534 (1979). Further, the *Martin* division held that the statutory presumption of good faith is insufficient to support a summary judgment when the plaintiffs in their pleadings and affidavits assert facts which, if true, would rebut the presumption.

To rebut the statutory presumption that Berson was acting in good faith, Dauwe was required to present some evidence from which a fact finder could reasonably infer that Berson did not act with honesty in belief or purpose, that Berson did not act in faithfulness to his statutory duty or obligation, or that he intended to seek unconscionable advantage of Dauwe. To avoid a grant of summary judgment, Dauwe had to present some evidence, by affidavit or otherwise, that, if true, would rebut the presumption. *See Martin v. Weld County, supra.* This, Dauwe has failed to do.

■ In our view, to rebut the statutory presumption that Berson was acting in good faith, as well as Berson's evidence supporting his summary judgment motion, Dauwe must satisfy both a subjective and objective component of good faith. The subjective requirement requires evidence of evil motive, in other words, evidence that Berson intended to harm Dauwe by his actions. The objective component of lack of good faith requires evidence that Berson did not have any factual basis to believe that Dauwe had engaged in activities which would require him to make a report pursuant to § 19–3–304(1). *Cf. Devenpeck v. Alford,* 543 U.S. 146, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004)(evenhanded law enforcement is best achieved by application of objective standards of conduct, rather than reliance on subjective intent of arresting officer).

Our conclusion that § 19–3–309 contains both subjective and objective components stems from the language that one making a report is immune from civil liability, "unless a court of competent jurisdiction determines that such person's behavior was willful, wanton, and malicious." Although the terms willful and wanton are not defined in § 19–3–309, they connote subjective behavior in other contexts. *See, e.g.,* § 13–21–102(1)(b), C.R.S.2005 (for purposes of determining exemplary damages, willful and wanton conduct means "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff"); *see also Moody v. Ungerer,* 885 P.2d 200, 205 (Colo.1994)(court referred to § 13–21–102(1)(b) in suggesting "willful and wan-

ton" was a subjective concept under the Colorado Governmental Immunity Act in determining whether a police officer was immune from civil action).

Similarly, maliciousness is not defined in § 19–3–309. In other contexts, however, the related term of actual malice has been defined as acting with knowledge that allegedly defamatory statements were false, or with reckless disregard of whether they were true or false. *See Lockett v. Garrett*, 1 P.3d 206 (Colo.App.1999). This definition has an objective connotation. While malice is at times used to express an evil motive, we conclude that it has an objective connotation here. Otherwise, the subjective connotation of willful and wanton would render the word "malicious" superfluous. *See Slack v. Farmers Ins. Exchange*, 5 P.3d 280 (Colo.2000)(statute is construed to give effect to every word; courts do not adopt a construction that renders any word superfluous).

Thus, in responding to the summary judgment motion, Dauwe was required to rebut the statutory presumption of good faith and Berson's evidence supporting the motion by showing that Berson was acting both with an evil motive (that is, willfully and wantonly) and without an objective basis for believing that Dauwe was engaging in child abuse (that is, maliciously).

Here, Dauwe did not present sufficient evidence which, if true, would demonstrate that Berson was acting with an evil motive, nor did he present evidence to show that Berson did not have a factual basis to believe that Dauwe had engaged in conduct requiring reporting under § 19–3–304(1).

As noted above, Dauwe's own discovery responses admitted, among other things, that a court had ordered or warned him to cease taking nude showers with his son and not to use the bathroom while his daughter was using it. These admissions supported the statements in Berson's affidavit that he had an objective basis for believing that Dauwe had engaged in activities which required reporting under the statute. Because these statements came from Dauwe's own admissions and were not disputed, Dauwe did not submit sufficient evidence to overcome the statutory presumption that Berson had acted

in good faith and to establish a genuine issue of material fact.

To the extent Dauwe relies on *Montoya v. Bebensee, supra,* and *Martin v. Weld County, supra,* to support a more expansive interpretation of good faith, we conclude that those cases are distinguishable.

Initially we note that after *Montoya* was decided, § 19–3–309 was amended to require a specific judicial finding that a reporting person's conduct was "willful, wanton, and malicious" to abrogate the statutory immunity. *See* Colo. Sess. Laws 1988, Ch. 169, § 19–3–309 at 916. Thus, one seeking to rebut the statutory presumption of good faith must show that the conduct of an individual reporting suspected child abuse was willful, wanton, and malicious.

Further, in *Montoya,* unlike here, the defendant filed a motion to dismiss without presenting evidentiary materials to the court, relying instead on the statutory rebuttable presumption of immunity from civil liability. There, the plaintiff father responded to the motion to dismiss with various transcripts, depositions, and an affidavit from a mental health professional. Accordingly, the court treated the defendant's motion as one for summary judgment. *See* C.R.C.P. 12(b). Here, in contrast, Berson presented his own affidavit and the discovery materials described above to support his contention that he had acted in good faith. Additionally, for the reasons discussed above, the materials presented on the summary judgment motion were insufficient to rebut the presumption that Berson had acted in good faith.

*Martin v. Weld County* is also distinguishable. There, the plaintiffs in their complaint and affidavits alleged facts indicating the defendant's lack of good faith. The *Martin* division held that these detailed factual allegations were sufficient to create genuine issues of material fact. Here, in contrast, neither Dauwe's third-party complaint nor his supplemental third-party complaint contained detailed factual allegations. As relevant here, the third-party complaint simply asserted "that Mr. Berson violated C.R.S. 19–3–309 by making willfully, wantonly, and maliciously false allegations of child abuse

against the defendant." In Dauwe's supplemental third-party complaint, the only factual allegation is that on "March 16, 2001, Berson made another report to the El Paso County Department of Human Services, which report is in violation of C.R.S. § 19–3–304(3.5)[C.R.S.2005]." That statute provides that no person required to report suspected child abuse under § 19–3–304(1) "shall knowingly make a false report of abuse or neglect to a county department. . . ." Here, Dauwe's allegation lacks specificity. Further, contrary to Dauwe's contention, § 19–3–304(3.5) must be read together with the good faith immunity provisions of § 19–3–309. Accordingly, absent evidence that Berson lacked an objective basis for believing that Dauwe was engaging in child abuse, Dauwe still could not defeat Berson's summary judgment motion. Thus, Dauwe's pleadings were insufficient to present a disputed issue of material fact, and, as discussed above, the materials presented on the summary judgment motion were insufficient as well.

### B. Immunity from Civil Liability

Because there were no disputed issues of fact presented on the summary judgment motion or in Dauwe's pleadings, we conclude that the trial court properly applied the statutory presumption of immunity from civil liability in § 19–3–309. Accordingly, the trial court properly entered summary judgment for Berson.

### II. Discovery

Next, Dauwe contends that the trial court abused its discretion in denying him seven different discovery requests. Specifically, he asserts that the trial court abused its discretion in denying (1) discovery on the children's' treatment record held by the psychiatrist; (2) discovery on the records of child abuse reports held by the department of human services; (3) discovery on videotapes of the children made by the department of human services during its investigation of allegations of sexual abuse against Dauwe; (4) discovery on information about Dauwe

that Berson provided to his ex-wife's attorney; (5) discovery on all the information that formed the basis of Berson's reports of child abuse pursuant to §§ 19–3–104 and 19–3–311, C.R.S.2005; (6) discovery of a letter sent by Berson to the attorney for Credit Service Co.; and (7) discovery of the children's' treatment records held by another therapist. We perceive no reversible error.

Dauwe did not argue in the trial court, nor does he contend on appeal, that the trial court should not have decided the summary judgment motion until it had ruled on his numerous discovery requests. Dauwe did not file an affidavit pursuant to C.R.C.P. 56(f), and he does not specifically allege that one or more of the discovery requests would likely have led to information that would have tended to show that Berson did not have an objective basis for believing that Dauwe had engaged in activities which required reporting under the statute. Finally, because Dauwe concedes that all his tort claims derive from his allegation of false reporting of child abuse against Berson, the trial court's grant of summary judgment leaves no other claim to which the discovery request could apply. Accordingly, the trial court's rulings on the discovery requests are moot, and we need not address them.

The judgment and orders are affirmed.

Judge CARPARELLI and Judge HUME * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.