2015 COA 125

**Patrick HANEY, Plaintiff–Appellee,**

**v.**

**COLORADO DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES, acting BY AND THROUGH its executive director, Barbara J. BROHL, Defendant–Appellant.**

**Court of Appeals No. 14CA0458**

Colorado Court of Appeals,
Div. I.

Announced September 10, 2015

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S. 2014.

**1094**

Frechette Law Office, Franz P. Frechette, Nederland, Colorado, for Plaintiff–Appellee

Cynthia H. Coffman, Attorney General, Michael J. Axelrad, Assistant Attorney General, Denver, Colorado, for Defendant–Appellant

## Opinion by JUDGE BERGER

¶ 1 Defendant, the Colorado Department of Revenue, Division of Motor Vehicles (Department), appeals the district court judgment reversing the Department's order revoking the driver's license of plaintiff, Patrick Haney.[1] The Department contends that the record supports its determination that Haney refused to submit to the testing required by the express consent statute and that the district court erred in concluding otherwise. We reverse the district court's judgment and remand for reinstatement of the revocation order.

## I. Background

¶ 2 Thornton police officer Kelly Wright stopped Haney's vehicle after she observed it weave and make a wide turn into a traffic lane that was not the lane closest to the curb, in violation of Colorado traffic laws. Upon contacting Haney, Officer Wright noticed he displayed indicia of possible intoxication including a strong odor of an alcoholic beverage, bloodshot watery eyes, slurred speech, and unsteady balance. Haney then failed to complete voluntary roadside maneuvers as a sober person would have.

¶ 3 Officer Wright then advised Haney of the express consent law and gave him the choice of taking a blood test, a breath test, or refusing testing. Instead of choosing one of those options, Haney told the officer that he wanted to speak to an attorney before choosing any test. In response, Officer Wright stated "okay" and then transported Haney to the police department for processing.

¶ 4 Officer Wright testified that Haney had access to a phone and that he was booked and processed within an hour after the stop. During this period, Officer Wright issued Haney an "Express Consent Affidavit and Notice of Revocation" which indicated that he had refused testing by stating that he "want[ed] to speak to a lawyer." That document also contained "Information Concerning

---

1. This opinion was previously announced as "not published pursuant to C.A.R. 35(f)." The Department then filed a motion to publish, and publication was approved pursuant to C.A.R. 35(f).

Colorado Law" which provided, in pertinent part, "You are not allowed to speak to an attorney prior to responding to the Officer's request for test(s)." Haney signed the document.

¶ 5 Haney timely requested an administrative hearing. He did not appear or testify at the hearing but did appear through counsel, who cross-examined Officer Wright. Counsel argued that the revocation was improper because Haney's actions did not constitute a refusal of testing.

¶ 6 The hearing officer rejected Haney's argument. Noting that Haney was given the choice of a blood test, a breath test, or refusal, the hearing officer found that Haney's response "was not, 'I will take a blood test,' and it wasn't, 'I will take a breath test.' His response was, 'I want to speak to an attorney.' And that's not a choice of tests. That is a refusal."

¶ 7 The hearing officer further noted:

I don't have any evidence that [Haney] was confused about his obligations or that he [did not know] what was required of him. And he was properly advised he had to take a blood or breath test, or it'd be considered a refusal and he did not choose a test. And therefore I do find it was a refusal. And there is no recantation of that refusal.

Based on these findings, the hearing officer sustained the revocation.

¶ 8 On review, the district court reversed. The court determined that when Haney indicated he wanted to speak to an attorney, Officer Wright's reply of "okay" could have misled Haney to believe that he had such a right. The court noted that the lack of clarification from Officer Wright could have caused Haney to misunderstand the state of the law. The court also noted a lack of any other words or conduct from Haney indicating he was unwilling to take a test.

¶ 9 The court concluded that the hearing officer's determination that Haney refused testing was "unsupported by the record" and relied on existing case law concerning officers misleading or creating confusion in drivers as to the right to an attorney.

¶ 10 The Department now appeals the district court's judgment.

## II. Discussion

¶ 11 The Department contends that the district court substituted its own factual findings for those of the hearing officer and misapplied the supreme court's decision in *Calvert v. State, Department of Revenue,* 184 Colo. 214, 519 P.2d 341 (1974). We agree.

### A. Standard of Review

¶ 12 Section 42–2–126(9)(b), C.R.S.2014, governs judicial review of Department driver's license revocation orders and provides that a reviewing court may reverse the Department's determination only if it (1) exceeded its constitutional or statutory authority; (2) erroneously interpreted the law; (3) acted in an arbitrary and capricious manner; or (4) made a determination that is unsupported by the evidence in the record. *See Hanson v. Colo. Dep't of Revenue,* 2012 COA 143, ¶ 13, 2012 WL 3755611, *aff'd,* 2014 CO 55, 328 P.3d 122; *Baldwin v. Huber,* 223 P.3d 150, 152 (Colo.App.2009).

¶ 13 Determinations concerning witness credibility, evidentiary weight, and the resolution of any evidentiary conflicts are factual matters solely within the province of the hearing officer as the trier of fact. *Baldwin,* 223 P.3d at 152; *see Charnes v. Lobato,* 743 P.2d 27, 32–33 (Colo.1987).

¶ 14 In reviewing the Department's actions, we stand in the same position as the district court. *See Hanson,* ¶ 14; *Fallon v. Colo. Dep't of Revenue,* 250 P.3d 691, 693 (Colo.App.2010).

### B. The Hearing Officer Could Properly Find on This Record That Haney Refused Testing

#### 1. Refusals Generally

¶ 15 Under the express consent statute, when an officer with probable cause requests and directs a driver to take a test, the driver is required to take, complete, and cooperate in the completion of the test. *See* § 42–4–1301.1(2)(a)(I), C.R.S.2014; *Gallion v. Colo. Dep't of Revenue,* 171 P.3d 217, 220 (Colo.

2007). If the driver "fails to take and complete, and to cooperate in the completing of, the test elected, the failure shall be deemed to be a refusal to submit to testing." § 42–4–1301.1(2)(a)(II). Drivers are required to cooperate so that the test may be completed or a sample obtained within the statutory two-hour time frame. *See Gallion,* 171 P.3d at 220; *see also* § 42–4–1301.1(2)(a)(III).

¶ 16 In deciding whether a driver refused to submit to testing, "the trier of fact should consider the driver's words and other manifestations of willingness or unwillingness to take the test." *Gallion,* 171 P.3d at 220 (internal quotation marks omitted). An objective standard applies to determine whether a driver's statements or behavior constituted an outright refusal or a refusal by noncooperation. *Id.*

¶ 17 If a hearing officer's finding on the refusal issue is based on application of the proper objective legal standards and resolution of conflicting inferences from the evidence, it is binding on review. *See Poe v. Dep't of Revenue,* 859 P.2d 906, 908 (Colo.App.1993).

¶ 18 A driver has no right under the express consent statute to confer with an attorney before deciding whether to consent to testing. *See Drake v. Colo. Dep't of Revenue,* 674 P.2d 359, 361 (Colo.1984) (decided under implied consent statute); *Calvert,* 184 Colo. at 217, 519 P.2d at 343 (same). Generally, if a driver does not submit to testing "because he wants to talk to his attorney before deciding whether to take the test, it is deemed a refusal as a matter of law." *Drake,* 674 P.2d at 361; *see Dikeman v. Charnes,* 739 P.2d 870, 872 (Colo.App.1987) ("[W]e hold that [the driver's] request to speak to an attorney before taking a chemical test must be deemed a refusal as a matter of law.").

## 2. *Calvert* Exception

¶ 19 In *Calvert,* the supreme court recognized an exception to the general rule that a driver's request to speak with counsel before taking a test constitutes a refusal. In that case, police advised the driver of his *Miranda* rights, including his right to consult with an attorney. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The driver refused to sign an implied consent advisement form and repeatedly asked to speak with his attorney. The Department deemed the driver's conduct to be a refusal and revoked his license, and the district court affirmed the revocation. *Calvert,* 184 Colo. at 215, 519 P.2d at 342.

¶ 20 On judicial review, the driver maintained that he "honestly believed" the *Miranda* warnings he received "gave him the right to make a call before reaching his decision to submit to the test" and, significantly, the supreme court noted that "[n]o evidence was introduced to the contrary." *Id.* at 217, 519 P.2d at 343. The supreme court reversed the revocation and held that if police cause a driver to misunderstand the state of the law, the driver "cannot be held strictly accountable for his refusal" of testing. *Id.* at 218, 519 P.2d at 343.

## 3. The District Court Erred in Relying on *Calvert*

¶ 21 In reversing the revocation order, the district court relied on *Calvert* and determined that Officer Wright "could have" misled Haney to believe that he had the right to speak to counsel before deciding whether to take one of the prescribed tests and "could have" caused Haney to misunderstand the law.

¶ 22 This case is distinguishable from *Calvert* in several respects. First, unlike the circumstances in *Calvert,* Haney had not yet received any advisement of his *Miranda* rights when he stated that he wanted to speak to an attorney. Consequently, Officer Wright could not have misled Haney or caused him to be confused through such an advisement. Second, in contrast to the driver in *Calvert,* Haney introduced no evidence at the hearing that he had been confused or misled about the law or his rights under the express consent statute. Indeed, this absence of evidence was central to the hearing officer's decision.

¶ 23 Officer Wright's response of "okay" to Haney's statement (not a question) that he wanted to speak to an attorney before choos-

ing any test does not change our analysis. That response could simply have meant that Officer Wright was acknowledging that Haney had made the statement. In any event, Haney presented no evidence that he was, in fact, confused or misled.

¶ 24 In a different context, this court has held that when a criminal defendant is confused during a providency advisement based upon allegedly inconsistent statements between a written plea agreement and the court's oral advisement, the defendant must request clarification from the court, rather than assert, as a basis for postconviction relief, that he or she was confused at the providency hearing. *People v. DiGuglielmo*, 33 P.3d 1248, 1251 (Colo.App.2001). Similarly, although Haney now asserts that he was confused by Officer Wright's response, his failure to request clarification indicates otherwise.

¶ 25 A driver's assertion that he or she wants to speak with an attorney before deciding to take a test does not, standing alone, necessarily demonstrate the driver is confused or require affirmative action or clarification by police. Such a result would be inconsistent with the decisions holding that this conduct is generally deemed a refusal as a matter of law. *See Drake*, 674 P.2d at 361; *Dikeman*, 739 P.2d at 872. It would also expand the exception recognized by *Calvert*, which requires a showing that the driver was actually confused or misled. In light of that requirement, the district court's determination that Haney "could have" been confused or misled was insufficient to trigger the exception described in *Calvert*.

¶ 26 Haney's statement that he wanted to speak to an attorney was susceptible of conflicting interpretations. It could have indicated he was confused about his options or the law. But, it also could have indicated he was stalling for time and thereby failing to cooperate with Officer Wright's request that he take a test. It was the hearing officer's responsibility to weigh and resolve these conflicting inferences on the evidence presented. *See Baldwin*, 223 P.3d at 152.

¶ 27 On this record, the hearing officer could properly have found that Haney's statement indicated noncooperative refusal, particularly when combined with (1) the absence of evidence that Haney was actually confused or misled or that he later agreed to take a test, and (2) evidence that Haney later signed the "Express Consent Affidavit and Notice of Revocation" informing him that he was not allowed speak to an attorney before responding to a request for testing, and that his statement that he wanted to speak to a lawyer was being deemed a refusal.

¶ 28 Because the hearing officer's ultimate finding that Haney refused testing was based on application of the proper legal standards and is supported by substantial evidence in the record as a whole, it is binding both on the district court and this court. *See Poe*, 859 P.2d at 908 (upholding hearing officer's finding of refusal where conflicting inferences could be drawn concerning whether driver's silence was manifestation of noncooperation and unwillingness to take test or, instead, physical inability to respond); *Shumate v. Dep't of Revenue*, 781 P.2d 181, 182 (Colo.App.1989) (upholding hearing officer's finding of refusal where driver failed to give arresting officer affirmative response concerning which type of test he was willing to take).

¶ 29 For these reasons, the district court erred in reversing the Department's order.

III. Conclusion

¶ 30 The judgment is reversed and the case is remanded with directions to reinstate the Department's revocation order.

JUDGE TAUBMAN and JUDGE HAWTHORNE concur.